1  William E. Bender, Esq. (SBN: 167887)
   Brandi Kurlander, Esq. (SBN: 203077)
2  **BENDER & GRITZ**
3  350 Tenth Avenue, Suite 900
   San Diego, CA 92101
4  TEL: (619) 515-0222
   FAX: (619) 515-0221
5  E-mail: bbender@bendergritz.com

6  Attorney for Plaintiffs
7  **Alexis Yancy and Jayden Yancy**

8
               **UNITED STATES DISTRICT COURT**
9
               **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  ALEXIS YANCY and JAYDEN YANCY,       )   Case No.: **'15 CV 0580 JM   JLB**
    by and through their Guardian Ad Litem, )
12  KATHERINE HAWK, individually         )
    and on behalf of the Estate of Tommy )   **COMPLAINT FOR DAMAGES FOR:**
13  Yancy, Jr., deceased,                )   1.  CIVIL RIGHTS VIOLATIONS
                                         )       (42 U.S.C. § 1983)
14                                       )   2.  SUBSTANTIVE DUE PROCESS
                      Plaintiffs,        )       (42 U.S.C. § 1983)
15                                       )   3.  SURVIVAL ACTION (42 U.S.C.
    v.                                   )       § 1983)
16                                       )   4.  MUNICIPAL LIABILITY –
17  STATE OF CALIFORNIA; CALIFORNIA      )       RATIFICATION (42 U.S.C. § 1983)
    HIGHWAY PATROL; CITY OF             )   5.  PUBLIC ENTITY LIABILITY –
18  IMPERIAL; CITY OF IMPERIAL POLICE    )       FAILURE TO TRAIN (42 U.S.C. §
    DEPARTMENT, COUNTY OF IMPERIAL;      )       1983)
19  IMPERIAL COUNTY SHERIFF'S OFFICE;    )   6.  VIOLATION OF THE RALPH CIVIL
    and DOES 1 through 25, inclusive;    )       RIGHTS ACT (CAL. CIV. CODE
20                                       )       § 52.7)
21                    Defendants.        )   7.  VIOLATION OF BANE ACT (CAL.
                                         )       CIV. CODE § 52.1)
22                                       )   8.  ASSAULT (WRONGFUL DEATH)
                                         )   9.  BATTERY (WRONGFUL DEATH)
23                                       )   10. FALSE ARREST (WRONGFUL
                                         )       DEATH)
24                                       )   11. INTENTIONAL INFLICTION
25                                       )       EMOTIONAL DISTRESS
                                         )   12. NEGLIGENCE (WRONGFUL
26                                       )       DEATH)
27                                       )   13. NEGLIGENT HIRING, TRAINING
                                         )       AND RETENTION (WRONGFUL
28                                       )       DEATH)

-1-
Complaint for Damages

1       Plaintiffs Alexis Yancy and Jayden Yancy, by and through their Guardian Ad Litem,

2 Katherine Hawk, allege and complain against the Defendants State of California; California

3 Highway Patrol; City of Imperial; City of Imperial Police Department; County of Imperial;

4 Imperial County Sheriff's Office; DOES 1 through 25, inclusive, and each of them, (all together,

5 "Defendants") as follows:

6 <div align="center">**I.**</div>

7 <div align="center">**JURISDICTION AND VENUE**</div>

8     1.     This is a civil rights wrongful death/survival action brought for the redress of

9 alleged deprivations of  constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986,

10 1988, and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on

11 28 U.S.C. §§ 1331, 1343, and 1367.

12     2.     Venue is properly within the District under 28 U.S.C. §1391(b) because all of the

13 events and transactions giving rise to this action took place in Imperial County, California.

14 <div align="center">**II.**</div>

15 <div align="center">**NATURE OF ACTION**</div>

16     3.     This wrongful death and civil rights action seeks compensatory and punitive

17 damages from the State of California; California Highway Patrol; City of Imperial; County of

18 Imperial; City of Imperial Police Department; Imperial County Sheriff's Department; and

19 DOES 1 through 25 for violation of various rights under the United States Constitution and state

20 law in connection with the police killing of 32-year-old veteran Tommy Yancy, Jr., on May 11,

21 2014.

22     4.     Mr. Yancy was driving through or near the intersection of Highway 86 and 15th

23 Street in Imperial, California, when he was pulled over by officers from the California Highway

24 Patrol (CHP).  During the stop, the CHP Officers Imperial County Sheriff's Department

25 officers, and City of Imperial Police Department officers, whose identities have not yet been

26 ascertained, physically attacked Mr. Yancy with a K-9 dog, batons, tasers, the force of their fists

27 and their body weight, and the use of improper restraint, resulting in his death.

28     5.     This case is in the public interest.

### III.

### PARTIES

6.     At all relevant times, Tommy Yancy, Jr. ("Decedent" or "Mr. Yancy" or "Yancy") was a 32 year old veteran of the United States Army residing in the City of El Centro, County of Imperial, State of California at the time he was killed on May 11, 2014.

7.     Plaintiffs Alexis and Jayden Yancy are Mr. Yancy's children. Alexis was 14 and Jayden was 8 at the time their father was killed. Plaintiffs bring this action as individuals on their behalf under both federal and California law for the federal and state law claims set out below. Plaintiffs also bring this action on behalf of the Estate of their father, Tommy Yancy, Jr., deceased, pursuant to California Code of Civil Procedures §377.60 and §377.30, and federal civil rights law. Plaintiffs herein bring these claims pursuant to California Code of Civil Procedure Sections 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful death actions. These claims are also brought individually and on behalf of Tommy Yancy, Jr., deceased, on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

8.     When a reference is made to "Plaintiffs" in this complaint it will include Alexis Yancy, Jayden Yancy, and the Decedent's Estate of which Alexis Yancy and Jayden Yancy are representing through their guardian ad litem.

9.     Decedent, Mr. Yancy, died intestate. Plaintiffs Alexis and Jayden Yancy, by and through their guardian ad litem, are qualified to serve as a representative of the estate as they are Mr. Yancy's only children and thus are entitled to inherit everything.

10.    At all times mentioned in this Complaint, Plaintiffs have been residing in the County of Imperial, State of California.

11.    Defendant State of California is, and at all times herein mentioned was a sovereign state of the United States of America.

/ / /

/ / /

/ / /

12.     Defendant California Highway Patrol (CHP) is, and at all times herein mentioned was an agency of and operating under the authority of the State of California, duly organized and existing under the laws of the State of California.

13.     Defendant, City of Imperial is a municipality organized and existing under the laws of the State of California. It is a local government entity and is not an arm of the State of California for Eleventh Amendment purposes.

14.     Defendant City of Imperial Police Department is a public agency subject to suit. It is a local government entity and is not an arm of the State of California for Eleventh Amendment purposes.

15.     Defendant County of Imperial is a county operating pursuant to its Charter. It is a local government entity and is not an arm of the State of California for Eleventh Amendment purposes.

16.     Defendant Imperial County Sheriff's Office, is a public agency subject to suit. It is a local government entity and is not an arm of the State of California for Eleventh Amendment purposes.

17.     At all relevant times, each of Defendants DOES 1-25, inclusive, was a police officer and/or managerial, supervisorial, and policymaking employee of the State of California, California Highway Patrol, City of Imperial; City of Imperial Police Department; County of Imperial, or Imperial County Sheriff's Office, who was acting under color of law within the course and scope of his duties as a police officer and/or managerial, supervisorial, and policymaking employee for the State of California, California Highway Patrol, City of Imperial, City of Imperial Police Department, County of Imperial, or Imperial County Sheriff's Office and with the complete authority and ratification of his or her principal, State of California, California Highway Patrol, City of Imperial, City of Imperial Police Department, County of Imperial, or Imperial County Sheriff's Office. Defendants DOES 1-25 caused Decedent's and Plaintiffs' injuries by attacking and killing the Decedent, by integrally participating or failing to intervene in the attack, and by engaging in other acts and/or omissions around the time of the attack that resulted in Decedent's death.

18.     In doing the acts and failing and omitting to act as hereinafter described, DOES 1-25 were acting on the implied and actual permission and consent of, as well as pursuant to the actual customs, policies, practices and procedures of the State of California, California Highway Patrol, City of Imperial, City of Imperial Police Department, County of Imperial, or Imperial County Sheriff's Office.

19.     At all times mentioned herein, each and every Defendant was the agent, servant, employee, partner, joint venture, co-conspirator, and/or alter ego of each and every other Defendant and in doing the things herein alleged, was acting with the course and scope of that relationship.

20.     Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.   At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs and Decedent's constitutional rights and other harm.

21.     The true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive are unknown to Plaintiffs and Plaintiffs therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

22.     Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other Defendants, including DOE Defendants.

23.     This complaint may be plead in the alternative pursuant to Federal Rule of Civil Procedure 8(D)(2).

///

IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDY

24.     Plaintiffs timely and properly filed tort claims pursuant to California Government Code section 910 *et seq.*, and this action is timely filed within all applicable statutes of limitation.

25.     On October 24, 2014, Plaintiffs filed comprehensive and timely claims for damages with the State of California and the California Highway Patrol pursuant to applicable sections of the California Government Code.

26.     On October 24, 2014, Plaintiffs filed comprehensive and timely claims for damages with the City of Imperial, and City of Imperial Police Department pursuant to applicable sections of the California Government Code.

27.     On October 24, 2014, Plaintiffs filed comprehensive and timely claims for damages with the County of Imperial, and Imperial County Sheriff's Office pursuant to applicable sections of the California Government Code.

28.     The State of California and the California Highway Patrol denied Plaintiffs claims on January 23, 2015.

29.     The City of Imperial and City of Imperial Police Department denied Plaintiffs claims on December 1, 2014.

30.     The County of Imperial and Imperial County Sheriff's Office denied Plaintiffs claims on February 25, 2015.

V.

## FACTS

31.     The foregoing allegations are incorporated as if re-alleged herein.

32.     At all relevant times, the Defendants, and each of them, were acting under color of the laws, statutes, ordinances, and regulations of, and as employees of either the State of California, California Highway Patrol, City of Imperial, City of Imperial Police Department, County of Imperial, or Imperial County Sheriff's Office.

/ / /

1    33.    On Sunday, May 11, 2014, at approximately 1:30 P.M., near the intersection of

2  Highway 86 and 15th Street in Imperial, CA, between one to three CHP officers, whose

3  identities have not yet been ascertained, pulled Decedent Tommy Yancy, Jr.'s vehicle over.

4    34.    Two officers approached Yancy's vehicle on the driver's side and one of them

5  brought a K9 towards Yancy that appeared ready to attack.

6    35.    Sometime during the encounter, several other California Highway Patrol

7  Officers, Imperial County Sheriff's Department Officers, and Imperial Police Department

8  Officers, whose identities have not yet been ascertained, arrived at the location and assisted the

9  two officers.

10    36.    Shortly afterward, Mr. Yancy stepped out of his car with his hands up and stood

11  next to his car facing the officers.  Despite being under no threat of immediate harm and in

12  violation of proper procedure and training, the K-9 handler release the dog from its leash.  The

13  dog ran and jumped towards Mr. Yancy's face and torso.  Mr. Yancy put his hands up to protect

14  himself and started yelling.

15    37.    Seconds later, multiple officers quickly came towards the dog and Mr. Yancy.

16  The officers began striking, hitting, and kicking Mr. Yancy.  Soon after, the officers had Mr.

17  Yancy on the ground face down, and were putting, or attempting to put Mr. Yancy in handcuffs.

18  The dog was still attacking Mr. Yancy.

19    38.    Mr. Yancy tried to stop the dog from biting him.

20    39.    The officers did not slow the dog down and later another officer put his knee and

21  body weight on Mr. Yancy.  One officer also fired one or more taser shots at Mr. Yancy.

22    40.    While Mr. Yancy was still face down on the ground and being struck by the

23  officers, the officers turned Mr. Yancy around and saw that Mr. Yancy had lost consciousness.

24  An ambulance was called onto the scene.

25    41.    Despite the fact that Mr. Yancy was clearly unarmed, was outnumbered by

26  officers, and was not posing a true threat to the officers, the Defendants inexplicably attacked

27  and killed him using excessive and inappropriate force under the circumstances, including the

28  pressure of body weight while he was face down and the use of an improper restraint hold.

42. Mr. Yancy later died after attacks from a K9 dog, strikes by the officers, improper restraint, and shots from a taser.

43. At all relevant times, Mr. Yancy was unarmed and in distress.

44. At all relevant times, Mr. Yancy did not have a weapon or anything that looked like a weapon.

<div align="center">

**VI.**

**<u>FIRST CAUSE OF ACTION</u>**

**CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983):**

**Fourth Amendment – Excessive Force; Wrongful Death**

**(By PLAINTIFFS against All Defendants)**

</div>

45. Plaintiffs incorporate by reference herein all allegations set forth above.

46. Defendants' physical assault and battery of Decedent by intentional grabbing, striking, throwing, shooting a taser, and otherwise brutalizing him was done with the intent to injure Decedent.

47. Defendants used deadly force against the Decedent.

48. Defendants knew that Decedent was unarmed, and was not a threat to anyone including the officers themselves. Defendants used excessive and deadly force against Decedent without legal justification or excuse.

49. Defendants were acting under color of law and were acting or purporting to act in the performance of their official duties.

50. Defendants deprived Decedent and Plaintiffs of rights, privileges and immunities secured to them by the Fourth Amendment of the United States Constitution in subjecting Decedent to excessive and unreasonable force. Said wrongful, illegal, and unconstitutional conduct by Defendants is a proximate cause of the losses and damages sustained by Plaintiffs, as hereinafter alleged, in that they knowingly and willfully used deadly force against a driver who had not committed any crime, was unarmed, and not a danger to anyone, without provocation, necessity, or justification.

/ / /

51.     The attack and shooting of Decedent was excessive and unreasonable, especially because Decedent was unarmed, the Decedent was vastly outnumbered by the Defendants, and the Decedent did not pose an imminent threat of death or serious bodily injury to the Defendants or to anyone else.

52.     As a result of the conduct of the Defendants, Decedent died.

53.     The Defendants' use of a K9 dog, a taser, and excessive force against the Decedent violated their training.

54.     The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to each of them.

55.     Each of the Defendants integrally participated in, or failed to intervene in, the conduct described above.

56.     Decedent suffered a false arrest and unlawful seizure in violation of his constitutional rights as guaranteed by the Fourth Amendment of the United States Constitution.

57.     Defendants' use of excessive force caused, or was a substantial factor in causing harm to Plaintiffs and Decedent.

58.     As a direct and proximate result of Defendants' actions described above, Plaintiffs sustained injuries and damages, as set forth in the Damages section of this complaint and provided for under 42 U.S.C.§ 1983.

## VII.

## SECOND CAUSE OF ACTION

### Substantive Due Process (42 U.S.C. § 1983)

### (By PLAINTIFFS against All Defendants)

59.     The foregoing allegations are incorporated as if re-alleged herein.

60.     Plaintiffs had cognizable interests under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including

///

1    but not limited to, unwarranted state interference in her familial relationship with their father,

2    Decedent.

3        61.    Decedent had a cognizable interest under the Due Process Clause of the

4    Fourteenth Amendment of the United States Constitution to be free from state actions that

5    deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

6        62.    The aforementioned actions of the Defendants, along with other undiscovered

7    conduct, shock the conscience, in that they acted with deliberate indifference to the

8    constitutional rights of Decedent and Plaintiffs, and with purpose to harm unrelated to any

9    legitimate law enforcement objective.

10       63.    The conduct of the Defendants that shocks the conscience includes, but is not

11   limited to:  the decision to stop and seize the Decedent the manner in which the stop was

12   conducted; using deadly force against an unarmed person that did not pose a threat, including

13   shooting that person with a taser, beating that person, using improper restraint holds, and

14   sending a K9 to attack him; the negligent performance of cardio-pulmonary resuscitation (CPR);

15   conduct contrary to generally accepted reasonable police procedures and tactics; integrally

16   participating in or failing to intervene in the above misconduct; and all of the above acts

17   together.

18       64.    The Defendants acted under color of state law.

19       65.    The Defendants violated the substantive due process rights of Plaintiffs to be free

20   from unwarranted interference with their familial relationship with Decedent.

21       66.    The conduct of the Defendants was the cause of Decedent's death.

22       67.    As a direct and proximate result of Defendants' actions described above,

23   Plaintiffs sustained injuries and damages as set forth in the Damages section of this complaint.

24   ///

25   ///

26   ///

27   ///

28   ///

VIII.

## THIRD CAUSE OF ACTION

### SURVIVAL ACTION (42 U.S.C. § 1983)

### (By PLAINTIFFS against All Defendants)

68.    Plaintiffs incorporate by reference herein all allegations set forth above, and by this reference incorporate the same herein and makes each a part hereof as though fully set forth.

69.    Plaintiffs, through their guardian ad litem, are the Successors in Interest and Personal Representatives of the Estate of Tommy Yancy, Jr.

70.    As a result of the deliberate indifference, reckless indifference and/or negligence of Defendants as more fully described above, the Estate of Tommy Yancy Jr. has suffered and continues to suffer injuries and damages as set forth in the Damages section of this complaint.

IX.

## FOURTH CAUSE OF ACTION

### Municipal Liability – Ratification & Policies, Customs or Habits (42 U.S.C.§ 1983)

### (By PLAINTIFFS against All Defendants)

71.    Plaintiffs incorporate by reference herein all allegations set forth above, and by this reference incorporate the same herein and makes each a part hereof as though fully set forth.

72.    The Defendants acted under color of state law.

73.    The acts of the Defendants deprived the Decedent and Plaintiffs of their particular rights under the United States Constitution.

74.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants, ratified (or will ratify) the Defendants' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the Defendants' acts.

75.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of the Defendants were "within policy."

76.    Upon information and belief, Plaintiffs allege that Defendants, through their police departments, have unlawful policies, customs, and habits of improper and inadequate

1 | hiring, training, retention, discipline, and supervision of their police officers, causing the

2 | constitutional deprivations, injuries and damages alleged above. Defendants further have an

3 | unlawful policy, custom, and habit of inadequate training, supervision, and disciplining of errant

4 | officers, including these DOE individual defendants.

5 | 77. Further, upon information and belief, Plaintiffs allege that Defendants, through

6 | their police departments, have an unlawful policy, custom, or habit of permitting or condoning

7 | the acts of false arrest, excessive force, excessive force with K9 dogs, and unlawful search and

8 | seizure by its officers, including the DOE individual defendants.

9 | 78. Defendants knew or should have known of the risks posed by their departments'

10 | policies.

11 | 79. By reason of the aforementioned acts and omissions, Plaintiffs have suffered and

12 | continue to suffer, and /or will suffer injuries and damages as set forth in the Damages section

13 | of this complaint.

14 | 80. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983,

15 | in an amount proven at trial.

16 | **XI.**

17 | **FIFTH CAUSE OF ACTION**

18 | **Public Entity Liability – Failure to Train (42 U.S.C. § 1983)**

19 | **(By PLAINTIFFS against All Defendants)**

20 | 81. Plaintiffs incorporate by reference herein all allegations set forth above, and by

21 | this reference incorporate the same herein and makes each a part hereof as though fully set forth.

22 | 82. The Defendants acted under color of state law.

23 | 83. The acts of the Defendants deprived the Decedent and Plaintiffs of their civil

24 | rights under the United States Constitution as a result of Defendants' failure to train Defendants.

25 | 84. The training policies and programs of the Defendants State of California,

26 | Imperial County, City of Imperial, California Highway Patrol, Imperial City Police Department,

27 | and Imperial County Sheriff's Office were not adequate to train its officers to properly handle

28 | the usual and recurring situations with which they must deal.

85.     The Defendants were deliberately indifferent to the need to train officers adequately.

86.     The failure of the Defendants to provide adequate and proper training caused the deprivation of the Decedent's and Plaintiffs' rights.

87.     Decedent and Plaintiffs were harmed by the aforementioned acts and omissions.

88.     The Defendants' failure to adequately train caused or was a substantial factor in causing the Decedent's and Plaintiffs' harm.

89.     The Defendants' failure to adequately train is so closely related to the deprivation of the Decedent's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

90.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered, continue to suffer, and/or will suffer injuries and damages as set forth in the Damages section of this complaint.

## XI.

### SIXTH CAUSE OF ACTION

#### (Violation of Ralph Civil Rights Act)

#### (By PLAINTIFFS against All Defendants)

92.     Plaintiffs incorporate by reference herein all allegations set forth above, and by this reference incorporate the same herein and makes each a part hereof as though fully set forth.

93.     On or about the above stated dates, Defendants, and each of them, violated Decedent's and Plaintiffs' civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Section 51.7.

94.     Defendants threatened and committed violent acts against Decedent, an African-American male.

95.     A motivating reason for Defendants' conduct was their perception of Decedent's race, color, age, and/or disability.

96.     Both Decedent and Plaintiffs were harmed by the above actions.

///

1   97.   Defendants' conduct caused or was a substantial factor in causing Decedent's
2   and Plaintiffs' harm.

3   98.   Defendants, and each of them, aided, incited, or conspired to deny Decedent and
4   Plaintiffs their right protected under Civil Code section 51.7.

5   99.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered and
6   continue to suffer injuries and damages as set forth in the Damages section of this complaint.

7   **XII.**

8   **SEVENTH CAUSE OF ACTION**

9   **(Violation of the Bane Civil Rights Act)**

10   **(By PLAINTIFFS against All Defendants)**

11   100.   Plaintiffs incorporate by reference herein all allegations set forth above, and by
12   this reference incorporate the same herein and makes each a part hereof as though fully set forth.

13   101.   On or about the above stated dates, Defendants and each of them violated
14   Decedent's and Plaintiffs' civil rights, guaranteed by the United States Constitution, federal law,
15   the California Constitution and the laws of the State of California thereby violating California
16   Civil Code Sections 52, 52.1(a) and 52.1(b).

17   102.   Defendants intentionally interfered with the Decedent's and Plaintiffs' civil
18   rights by committing intentional and repeated violent acts upon the Decedent.

19   103.   Defendants interfered with or attempted to interfere with Plaintiffs' and
20   Decedent's right to be free from state actions that deprive them of life, liberty, or property by
21   threatening or committing violent acts.

22   104.   Defendants interfered with or attempted to interfere with Plaintiffs' right to be
23   free from unwarranted interference with her familial relationship with Decedent by threatening
24   or committing violent acts.

25   105.   Defendants injured Plaintiffs and Decedent to prevent them from exercising the
26   above-mentioned rights or retaliate against them for having exercised the above-mentioned
27   rights.

28   106.   Plaintiffs and Decedent were harmed.

1 | 107.   Defendants' conduct caused or was a substantial factor in causing Plaintiffs' and

2 | Decedent's harm.

3 | 108.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered and

4 | continue to suffer injuries and damages as set forth in the Damages section of this complaint and

5 | civil penalties set forth in Civil Code Section 52.

6 | 109.   The conduct of Defendants amounts to oppression, fraud, or malice within the

7 | meaning of Civil Code Section 3294 *et seq.* and punitive damages should be assessed against

8 | each non-municipal defendant for the purposes of punishment and deterrence.  Defendants are

9 | liable for the acts of their officers as they have agreed with and or ratified the acts.

10 | ### XIII.

11 | ### EIGHTH CAUSE OF ACTION

12 | **Assault (Cal. Govt. Code § 820 and California Common Law)**

13 | **(Wrongful Death)**

14 | **(By PLAINTIFFS against All Defendants)**

15 | 110.   Plaintiffs incorporate by reference herein all allegations set forth above, and by

16 | this reference incorporate the same herein and makes each a part hereof as though fully set forth.

17 | 111.   Defendants acted, intending to cause and did cause Decedent to suffer

18 | apprehension of an immediate harmful contact.

19 | 112.   Decedent reasonably believed that he was about to be touched in a harmful or an

20 | offensive manner.

21 | 113.   Defendants threatened to touch Decedent in a harmful or an offensive manner.

22 | 114.   It reasonably appeared to Decedent that Defendants were about to carry out the

23 | threat.

24 | 115.   Decedent did not consent to Defendants' conduct.

25 | 116.   Decedent and Plaintiffs were harmed.

26 | 117.   Defendants' conduct caused or was a substantial factor in causing Decedent's

27 | and Plaintiffs' harm.

28 | / / /

118. The intentional and reckless acts of Defendants in committing an assault upon Decedent were willful, malicious, oppressive, and in conscious disregard of Decedent and Plaintiffs' rights.

119. As a proximate cause of the unlawful assault by Defendants, Decedent was severely injured and killed, thereby causing Plaintiffs to sustain the losses and damages as alleged in this complaint.

120. By reason of the aforementioned acts and omissions, Plaintiffs have suffered and continue to suffer injuries and damages as set forth in the Damages section of this complaint.

## XIV.

## NINTH CAUSE OF ACTION

### Battery (Cal. Govt. Code § 820 and California Common Law)

### (Wrongful Death)

### (By PLAINTIFFS against All Defendants)

121. Plaintiffs incorporate by reference herein all allegations set forth above, and by this reference incorporate the same herein and makes each a part hereof as though fully set forth.

122. The Defendants, while working as police officers for the City Sheriff's Department, and acting within the course and scope of their duties, intentionally attacked and harmed Decedent repeatedly with the assistance of department-issued weapons.

123. Defendants intentionally, willfully and recklessly committed a battery on the person of the Decedent, deliberately intending to cause severe injury to Decedent.

124. Defendants touched Decedent with the intent to harm or offend him by needlessly grabbing, choking and throwing Decedent to the ground to handcuff him.

125. Decedent never consented to have the Defendants touch or attack him as described above.

126. Decedent was harmed by Defendants' conduct.

127. The actions of the Defendants caused the Decedent severe pain and suffering and loss of enjoyment of life. He ultimately died from his injuries. The Defendants did not have

///

1   legal justification for using deadly force against the Decedent.  The use of deadly force against

2   Decedent was objectively unreasonable.

3        128.   A reasonable person in Decedent's situation would have been offended by the

4   touching and offended by the unnecessary attack.

5        129.   As a direct and proximate result of Defendants' conduct as alleged above,

6   Plaintiffs have suffered and continue to suffer injuries and damages as set forth in the Damages

7   section of this complaint

8   <div align="center">**XV.**</div>

9   <div align="center">**TENTH CAUSE OF ACTION**</div>

10  <div align="center">**(False Arrest)**</div>

11  <div align="center">**(By PLAINTIFFS against All Defendants)**</div>

12       130.   Plaintiffs incorporate by reference herein all allegations set forth above, and by

13  this reference incorporate the same herein and makes each a part hereof as though fully set forth.

14       131.   By the acts alleged herein, particularly the act of arresting Decedent without a

15  warrant or probable cause, Decedent was falsely arrested, and later died stemming from his

16  arrest, entitling him to damages pursuant to California law.

17       132.   As a result of these acts, Decedent suffered injuries and damages discussed above

18  and described in the Damages section below, entitling Plaintiffs to damages in an amount to be

19  proven at trial.

20  <div align="center">**XVI.**</div>

21  <div align="center">**ELEVENTH CAUSE OF ACTION**</div>

22  <div align="center">**(Intentional Infliction of Emotional Distress**</div>

23  <div align="center">**(By PLAINTIFFS against All Defendants)**</div>

24       133.   Plaintiffs incorporate by reference herein all allegations set forth above, and by

25  this reference incorporate the same herein and makes each a part hereof as though fully set forth.

26       134.   By engaging in the acts alleged herein, including the excessive force inflicted

27  upon Decedent, Defendants engaged in outrageous conduct with an intent or a reckless disregard

28  of the probability of causing Decedent to suffer emotional distress.

135.   As a direct, proximate and foreseeable result, Decedent suffered severe emotional distress in the time before his death and the outrageous conduct was the cause of the emotional distress suffered by Decedent.

136.   The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purposes of punishment and deterrence.

## XVII.

## TWELFTH CAUSE OF ACTION

### Negligence (Cal. Govt. Code § 820 and California Common Law)

### (Wrongful Death)

### (By PLAINTIFFS against All Defendants)

137.   Plaintiffs incorporate by reference herein all allegations set forth above, and by this reference incorporate the same herein and makes each a part hereof as though fully set forth.

138.   The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

       (a)   the failure to properly and adequately assess the need to detain, arrest, and use reasonable force against Decedent;

       (b)   the negligent tactics and handling of the situation with Decedent, including pre-taser shooting negligence;

       (c)   the negligent detention, arrest, and use of force, including deadly force, against Decedent;

       (d)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent.

139.   As a result of Defendants' negligence as alleged above, and other negligent conduct, Decedent lost his life.

140.   Defendants' negligence as alleged above, and other negligent conduct, caused or was a substantial factor in causing harm to Decedent and Plaintiffs.

1    141.    The individual Defendants, including DOES 1-25, are vicariously liable for the

2    wrongful acts of the Defendant entities pursuant to section 815.2(a) of the California

3    Government Code, which provides that a public entity is liable for the injuries caused by its

4    employees within the scope of the employment if the employee's act would subject him or her

5    to liability.

6    142.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered and

7    continue to suffer injuries and damages as set forth in the Damages section of this complaint.

8    <center>XVIII.</center>

9    <center>**THIRTEENTH CAUSE OF ACTION**</center>

10    <center>**(Negligent Hiring, Training and Retention)**</center>

11    <center>**(By PLAINTIFFS against All Defendants)**</center>

12    143.    Plaintiffs incorporate by reference herein all allegations set forth above, and by

13    this reference incorporate the same herein and makes each a part hereof as though fully set forth.

14    144.    Defendants possessed the power and authority to hire and fire Defendants.

15    145.    Defendants negligently hired and trained the individual Defendants, including

16    DOES 1-25.

17    146.    The individual Defendants were unfit or incompetent to perform the work for

18    which they were hired.

19    147.    By virtue of the foregoing, Defendants negligently and carelessly engaged in the

20    following acts and omissions, among other things:

21    (a)    Failing to adequately train its officers in the use of force, as well as

22    constitutional limitations in the use of force;

23    (b)    Failing to adequately train its officers in identifying a person that presents

24    a threat of force or violence, as opposed to one that does not;

25    (c)    Failing to adequately investigate background, training and experience as a

26    security officer and his propensity for violence;

27    / / /

28    / / /

1         (d)    Failing to provide adequate supervisory control over the actions of its

2               officers in regard to adequate training, supervision, equipment, planning,

3               oversight, and administration;

4         (e)    Failing to control the conduct of its officers who have a known propensity

5               for violence and in failing to discipline its officers;

6         (f)    Failing to investigate in good faith, allegations of excessive and

7               unreasonable use of force by its officers;

8         (g)    Failing to discipline its officers who use excessive and unreasonable

9               force; and;

10        (h)    Sanctioning, condoning and approving a custom and practice of a code of

11              silence, cover-up, and dishonesty.

12     148.   Defendants knew or should have known that the individual defendant officers

13 were unfit or incompetent and that this unfitness or incompetence created a particular risk to

14 others.

15     149.   Defendants' unfitness or incompetence harmed Plaintiffs and Decedent.

16     150.   Defendants' negligence in hiring, supervising, and/or retaining Defendants

17 caused or was a substantial factor in causing harm to Plaintiffs and Decedent, and ultimately led

18 to his death.

19     151.   By reason of the aforementioned acts and omissions of Defendants and DOES 1

20 through 25, inclusive, Plaintiffs have suffered and continue to suffer injuries and damages as set

21 forth in the Damages section of this complaint.

22                        **XIX.**

23                  **DAMAGES**

24     152.   Plaintiffs incorporate by reference herein all allegations set forth above, and by

25 this reference incorporate the same herein and makes each a part hereof as though fully set forth.

26     153.   Plaintiffs bring this claim individually and as Successor in Interest to Decedent,

27 and as Personal Representative of Decedent's, Tommy Yancy Jr.'s Estate, and seek both

28 ///

1 | survival and wrongful death damages for the violation of Decedent's rights and the harms to

2 | Decedent prior to his death.

3 |     154.   As a direct and proximate result of each Defendants' acts and/or omissions as set

4 | forth above, Plaintiffs have been deprived of the life-long love, companionship, comfort,

5 | support, society, care and sustenance of Decedent, and will continue to be so deprived for the

6 | remainder of their natural lives.

7 |     155.   As a further proximate result of the above described acts and omissions of

8 | Defendants, and each of them, Plaintiffs have been deprived of the financial support of

9 | Decedent. Plaintiffs were financially dependent upon Decedent for the necessaries of life and

10 | will continue to incur the lifelong loss of Decedent's financial support in the future and for the

11 | remainder of their natural lives, in an amount according to proof, and all to their financial

12 | detriment.

13 |     156.   In addition, Plaintiffs sustained the following injuries and damages, past and

14 | future, including:

15 |         a.   Wrongful death of Tommy Yancy, Jr.;

16 |         b.   Conscious extreme pain, suffering, fear of impending death, cruelty,

17 |             humiliation, degradation, misery, and loss of personal safety;

18 |         c.   Hospital, paramedics, and other medical expenses;

19 |         d.   Coroner's fees, funeral and burial expenses;

20 |         e.   Loss of familial relationships, including loss of love, companionship,

21 |             comfort, affection, society, services, solace, and moral support;

22 |         f.   Loss of financial support and necessaries of life;

23 |         g.   Violation of constitutional rights;

24 |         h.   All damages, attorneys' fees, and penalties recoverable under 42 U.S.C.

25 |             §§ 1983 and 1988, and as otherwise allowed under California and United

26 |             States statutes, codes, and common law;

27 | / / /

28 | / / /

| 1 | | i. | Tommy Yancy, Jr.'s loss of life, pursuant to federal civil rights law; and |

i.    Tommy Yancy, Jr.'s loss of life, pursuant to federal civil rights law; and

j.    Tommy Yancy, Jr.'s conscious pain and suffering, pursuant to federal civil rights law and state law.

## XX.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against all Defendants, jointly and severally, as follows:

1.    For compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

2.    For funeral and burial expenses, and loss of financial support;

3.    For general damages according to proof at the time of trial;

4.    For medical and related expenses according to proof at the time of trial;

5.    For punitive damages under 42 U.S.C. § 1983 and California law in an amount according to proof and which is fair, just, and reasonable, against all Defendants and the DOES in their individual capacity;

6.    For all other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure sections 377.20 *et seq.*, 377.60 *et seq.*, and 1021.5; California Civil Code sections 52 *et seq.* and 52.1, and as otherwise may be allowed by California and/or federal law;

7.    For reasonable costs of this suit and attorneys' fees;

8.    For injunctive relief as the Court may deem just, proper, and appropriate; and

9.    For such further other relief as the Court may deem just, proper, and appropriate.

///
///
///
///
///
///

## XXI.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated:  March 10, 2015

Respectfully submitted,

William E. Bender, Esq.
Attorneys for Plaintiffs
ALEXIS YANCY and JAYDEN YANCY,
Minors by and through their Guardian Ad
Litem, Katherine Hawk