UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS YANCY and JAYDEN YANCY, by and through their Guardian Ad Litem, KATHERINE HAWK,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; CITY OF IMPERIAL; CITY OF IMPERIAL POLICE DEPARTMENT, COUNTY OF IMPERIAL; and IMPERIAL COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | Civil No.   15cv580 JM (JLB)<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>[ECF No. 2] |

On March 13, 2015, Plaintiffs filed an Ex Parte Application for Appointment of Guardian Ad Litem, requesting that Katherine Hawk be appointed as guardian ad litem for her two minor children, Plaintiffs Alexis Yancy and Jayden Yancy. (ECF No. 2.) For the following reasons, Plaintiffs' Ex Parte Application is **GRANTED**.

## I.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 17, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An individual's capacity to sue is determined "by the law of the individual's domicile."

Fed. R. Civ. P. 17(b). Here, both minor Plaintiffs are domiciled in California. (ECF No. 2 at 2.) Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings, and the court may appoint a guardian ad litem to represent the minor's interests. Cal. Fam. Code § 6601; Cal. Code Civ. P. § 372(a).

"A court has broad discretion in ruling on a guardian ad litem application." *Williams v. Superior Court of San Diego*, 147 Cal. App. 4th 36, 47 (2007) (citing *In re Emily R.*, 80 Cal. App. 4th 1344, 1356 (2000)). When determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). Generally, when a minor is represented by a parent who has the same interests as the child, there is no inherent conflict of interest. *See e.g. Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (explaining that when a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c).). *See also Anthem Life Ins. v. Olguin*, 2007 WL 1390672, *2 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem.").

When there is no conflict of interest, the guardian ad litem appointment is usually made on an ex parte application and involves minimal exercise of discretion by the court. *Kulya v. City and County of San Francisco*, 2007 WL 760776, * 1 (N.D. Cal. 2007); *see also In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994). When choosing a guardian ad litem for a civil lawsuit, the most important issue is protection of the minor's interest in the litigation. *Williams*, 147 Cal. App. 4th at 47.

Here, both Plaintiff Alexis Yancy and Plaintiff Jayden Yancy are under the age of eighteen. (*See* ECF No. 2 at 2.) Therefore, their ability to bring suit is contingent upon appointment by the court of a guardian ad litem.

Plaintiffs' mother and guardian, Katherine Hawk, states that she is "fully competent and qualified to understand and protect the rights of [Plaintiffs] and has no

interests adverse to the interests of these minors." (*Id*.)  Ms. Hawk is not herself a party to the lawsuit and, upon review of the Complaint, does not appear to have any interests in conflict with the minor Plaintiffs she seeks to represent.  (*See* ECF No. 1.)  The Court finds that Ms. Hawk is qualified to serve as guardian ad litem for her two minor children.  Accordingly, Ms. Hawk's appointment as guardian ad litem for Plaintiffs Alexis Yancy and Jayden Yancy is appropriate.

## II.  CONCLUSION

Plaintiffs' Ex Parte Application for Appointment of Guardian Ad Litem is hereby **GRANTED**.  Katherine Hawk is appointed to act as guardian ad litem for Plaintiffs Alexis Yancy and Jayden Yancy, and is authorized to prosecute this action on their behalf.

**IT IS SO ORDERED.**

DATED:  April 8, 2015

_____
**JILL L. BURKHARDT
United States Magistrate Judge**