1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| ALEXIS YANCY and JAYDEN YANCY, by and through their Guardian Ad Litem, KATHERINE HAWK, | CASE NO. 15cv0580 JM(PCL) |
| | ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |
| Plaintiffs, | |
| v. | |
| STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; CITY OF IMPERIAL; CITY OF IMPERIAL POLICE DEPARTMENT; COUNTY OF IMPERIAL; COUNTY OF IMPERIAL SHERIFF'S OFFICE; JOSEPH A. FARROW; RAYMOND LOERA; MIGUEL COLON, JR.; GILBERT CALDERA; HERCILIO CARDENAS; and ROBERT GONZALES, | |
| Defendants. | |

22          Defendant City of Imperial ("City"), erroneously sued as City of Imperial and

23   City of Imperial Police Department, moves to dismiss the <u>Monell</u> claim filed by

24   Plaintiffs Alexis Yancy and Jaden Yancy, by and through their guardian ad litem

25   Katherine Hawk (collectively "Plaintiffs"), for failure to state a claim.[1]  Neither party

26
27   ────────────────

28          [1] On or about July 31, 2015, the court granted the joint motion of the parties to dismiss Defendants Miguel Colon, Jr. and Joseph Farrow as parties to this action without prejudice.

requested oral argument and, pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision.  For the reasons set forth below, the court grants City's motion to dismiss the federal claims, declines to address the state law claims, and grants Plaintiffs 15 days leave to amend from the date of entry of this order.

## BACKGROUND

The First Amended Complaint ("FAC"), filed on May 26, 2015, alleges 13 causes of action: six federal claims for violation of 42 U.S.C. §1983 and seven state law claims for violation of the Bane Civil Rights Act, assault, battery, false arrest, negligence, negligent hiring, and wrongful death.  Plaintiffs' claims arise from the following generally described conduct.

Plaintiffs Alexis and Jayden Yancy ("Minors") are the minor children of Tommy Yancy, Jr. ("Decedent" or "Mr. Yancy"), a deceased 32 year old veteran of the United States Army.  The FAC alleges that Katherine Hawk ("Hawk") seeks to serve as the guardian ad litem for Minors and to represent the Decedent's Estate.  (FAC ¶10).  Hawk has been appointed to serve as guardian ad litem for the Minors.  (Ct. Dkt. 6). Hawk is not a party, and has not been appointed to serve as a representative of the Yancy estate.

On May 11, 2014, at approximately 1:30 p.m., the California Highway Patrol ("CHP") "pulled over Decedent Tommy Yancy, Jr. in what appeared to be a routine traffic stop." (FAC ¶42).  Shortly thereafter, several officers with the Imperial County Sheriff's Office and City arrived at the scene.  Decedent then allegedly stepped out of the car with his hands raised and stood next to his car facing the officers.  One officer then released the animal from its leash and the dog "jumped towards Yancy's face and torso." (FAC ¶44).  The officers "began striking, hitting, and kicking" Decedent.  Even while on the ground, the dog continued to attack Decedent and the officers continued to strike Decedent.  The officers restrained Decedent using an arm bar hold, and,  "in the process, breaking the hyoid bone in his neck." (FAC ¶48).  Decedent "later died after attacks from a K9 dog, strikes by the officers, shots from a taser, and the improper

restraint, improper arm and/or improper, excessive force/weight on Mr. Yancy's back, which broke Mr. Yancy's hyoid bone." (FAC ¶51).

<h1 style="text-align:center">DISCUSSION</h1>

**Legal Standards**

<u>General Pleading Requirements</u>

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a mere possibility that a defendant has acted unlawfully." <u>Id.</u> at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v.</u>

Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Pleading Civil Rights Claims

Prior to Iqbal and Twombly, "a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice."   Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir.2007).   In addressing the impact of Iqbal and Twombly on the pleading standards for civil rights cases, the Ninth Circuit recently stated:

> we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631,637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202 (9th Cir.2011)).

**The Monell Claim**

City claims that Plaintiff fails to state a claim for municipal liability.  Under 42 U.S.C. § 1983, "[e]very person" who acts under color of state law may be sued.  The term "person" has been interpreted broadly, even to include cities, counties, and other local government entities.  See Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978). Municipalities, their agencies and their supervisory personnel cannot be held liable under section 1983 on any theory of respondeat superior or vicarious liability.  They can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs.  See Monell, 436 U.S. at 691-693; Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir. 1986).

Locating a "policy" ensures that a municipality "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." <u>Board of the County Comm'rs of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 403-04 (1997) (citing <u>Monell</u>, 436 U.S. at 694). Similarly, an act performed pursuant to a "custom" which has not been "formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." <u>Id.</u> (citing <u>Monell</u>, 436 U.S. at 690-691); <u>see also</u> <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 737 (1989) (holding that municipal liability under § 1983 may be shown if Plaintiff proves that employee committed alleged constitutional violation pursuant to a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity.").

In <u>Board of the County Comm'rs of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397 (1997) the Supreme Court made the causal prerequisite clear: "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." <u>Id.</u> at 404 (italics in original).

"To bring a § 1983 claim against a local government entity, a plaintiff must plead that a 'municipality's policy or custom caused a violation of the plaintiff's constitutional rights." <u>Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles</u>, 648 F.3d 986, 992-93 (9th Cir. 2011). A plaintiff must show (1) he possessed a constitutional right of which he was deprived, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy is the "moving force behind the constitutional violation." <u>Anderson v. Warner</u>, 451 F.3d 1063, 1070 (9th Cir. 2006). "For a policy to be the moving force

1  behind the deprivation of a constitutional right, the identified deficiency in the policy
2  must be closely related to the ultimate injury," and the plaintiff must establish "that the
3  injury would have been avoided had proper policies been implemented." Long v. Cnty.
4  of Los Angeles, 442 F.3d 1178, 1190 (9th Cir. 2006).

5      Here, the FAC's allegations are too generalized and conclusory to state a claim
6  for municipal liability.  Plaintiffs do nothing more than parrot the requirements for
7  municipal liability.  Plaintiffs allege that the beating and death of Decedent was
8  pursuant to "the customs and practices for the above-referenced law enforcement
9  agencies that resulted in the use of excessive force against" Decedent, (FAC ¶25),
10  including the failure to adequately train and supervise the officers.  The FAC similarly
11  alleges that Defendants acted "pursuant to the actual customs, policies, practices and
12  procedures of the[] . . . City."  (FAC ¶27).  Stated another way, City

13      had an officially adopted or promulgated policy, or in the alternative,
14      long-standing, pervasive custom or practice that has the force of law of
        using excessive force against members of the public during traffic stops
15      and during attempted arrests, of improperly and inappropriately using K
        -nine police dogs to attempt to subdue members of the public, and of
16      misusing tasers (in violation of the standard set forth in Bryan v.
        Macpherson, 630 F .3d 805 (9t Cir. 2010) against members of the general
17      public during traffic stops and attempted arrests.

(FAC ¶70).
18

19      These allegations fail to establish a claim beyond the speculative level.
20  "[T]hreadbare recitals of the elements of a cause of action, supported by mere
21  conclusory statements, do not suffice" to state a claim.  Iqbal, 56 U.S. at 662.  The
22  boilerplate municipal liability allegations are insufficient to state a claim and to provide
23  notice to City of official conduct giving rise to Plaintiffs' claims.  The court notes the
24  circularity of the allegations.  For example, in large part Plaintiffs allege that City had
25  a policy, custom, or practice to use excessive force (or failure to train or supervise
26  City's employees) because Decedent was the recipient of the alleged application of
27  excessive force (or failure to train or supervise City's employees).   Such circular
28  allegations do not survive after Twombly and Iqbal.  Plaintiffs do not allege the identity

- 6 -                                    15cv0580

1   of any official policymaker who adopted the challenged "policies" or how City was the

2   moving force behind allegations of unconstitutional conduct.  Further, Plaintiffs fail

3   to allege that City acted with the requisite degree of culpability or to identify the casual

4   link between the City's actions and the constitutional deprivations (excessive force,

5   failure to train, failure to supervise, and wrongful death).  Finally, the court rejects

6   Plaintiffs' argument that the existence of "multiple" civil rights lawsuits alleging

7   excessive force against City establishes the official policy of City to use excessive

8   force against the public.[2]  (FAC ¶71).

9        The court concludes that Plaintiffs fail to establish the threshold for <u>Monell</u>

10   liability and therefore does not address Plaintiffs' theories of liability for each of the

11   six 42 U.S.C. §1983 claims.  Similarly, until Plaintiffs state a federal claim, the court

12   declines to reach the state law claims.  Plaintiffs may elect to further amend the <u>Monell</u>

13   claim at this time or defer such amendment until, and if, discovery reveals material

14   facts constituting a foundation for the pleading of a <u>Monell</u> claim with the particularity

15   required by <u>Iqbal</u>.

16        **IT IS SO ORDERED.**

17   DATED:  August 12, 2015

18                                            _____

19                                            Hon. Jeffrey T. Miller
                                              United States District Judge

20   cc:          All parties

21

22

23

24

25

26

27

28
─────────────────────
        [2] Plaintiffs assert that four excessive force lawsuits are pending against City.