1  KAMALA D. HARRIS
   Attorney General of California
2  RICHARD F. WOLFE
   Supervising Deputy Attorney General
3  DOUGLAS E. BAXTER
   Deputy Attorney General
4  State Bar No. 201351
    600 West Broadway, Suite 1800
5   San Diego, CA 92101
    P.O. Box 85266
6   San Diego, CA 92186-5266
    Telephone: (619) 738-9567
7   Fax:         (619) 645-2012
    E-mail: Douglas.Baxter@doj.ca.gov
8  Attorneys for Defendants State of California
   (by and through the California Highway
9  Patrol); Gilbert Caldera; Heraclio
   Cardenas; Robert Gonzales; Fernando
10 Alvarez; Salvador Acevedo; and Wesley
   Boerner

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS YANCY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL, et al. <br><br> Defendants. <br><br> AND RELATED CASE OF <br><br> LAWANDA MOSES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL, et al. <br><br> Defendants. | Case No.: 15-cv-0580 JM (PCL) <br><br> and related consolidated case of 15-cv-334 JM (PCL) <br><br> **INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL.** <br><br> Judge:  The Honorable Jeffrey T. Miller <br> Magistrate Judge: The Honorable Peter C. Lewis |

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))

EXHIBIT A at p. 1

Pursuant to paragraph 2 of the Court's September 2, 2016, Order on Joint Motion by All Parties to Modify Scheduling Order (Doc. 69,) Defendants State of California (by and through the California Highway Patrol), Gilbert Caldera; Heraclio Cardenas, Robert Gonzales, Fernando Alvarez, Salvador Acevedo, and Wesley Boerner hereby jointly disclose that the following persons may be called at trial to present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence:

I. **RETAINED EXPERTS**

1. Robert Fonzi
   Robert Fonzi and Associates
   P.O. Box 1154
   Yucaipa, CA 92399
   (951) 312-9679

Mr. Fonzi is a police practices and procedures expert. A copy of his CV containing his qualifications to testify as an expert is attached to this designation as Exhibit A. To the extent that any area of expertise is raised by the issues in this case, Mr. Fonzi will be used to provide opinion testimony on those issues.

Mr. Fonzi will provide expert opinion testimony regarding police practices, policies, and procedures for the issues involved in this case, including but not limited to: traffic stops and investigations practices, policies, and procedures; DUI/DRE (driving under the influence and drug recognition evaluation) investigations, practices, policies, and procedures; communication polices, practices, and procedures; detention policies, practices, and procedures; arrest policies, practices, and procedures, all issues and matters related to policies, practices, and procedures for use of force, and any and all other issues and matters relating to Plaintiffs' claims that the civil rights of Tommy Yancy, Jr. or anyone related or connected to Mr. Yancy were violated during any portion of the events of the encounter between Mr. Yancy and law enforcement officers on May 11, 2014.

Such opinion testimony will apply to all aspects of Plaintiffs' claims regarding the lawfulness of officers' actions and decisions for multiple subjects,

2

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))
EXHIBIT A at p. 2

including, but not limited to, the nature, bases, grounds, reasonableness, and lawfulness of the following:

- Mr. Yancy's traffic stop;
- all police contact with Mr. Yancy;
- all police communications with Mr. Yancy;
- all other police communications in connection with and regarding the May 11, 2014, events;
- the detention of Mr. Yancy and/or requests for him to submit to further investigation (such as for suspicion of driving under the influence of alcohol and/or drugs, suspicion of possession of unlawful substances or contraband, suspicion of refusal to obey police orders, suspicion of delaying or obstructing police officers' duties and conduct, commission of threats and assaults against police officers and police dogs, etc.).
- all officers' perceptions of Mr. Yancy's behavior (including, but not limited to, his combativeness, obstruction, delaying, interference, assaultive behavior, threatening behavior, endangerment and harm to members of the public, endangerment and harm to officers, endangerment and harm to self, endangerment and harm to police dog(s), and all behavior indicative of criminal involvement and commission of infractions, misdemeanors, and felony crimes);
- all steps and actions for investigation of Mr. Yancy's behavior and conduct;
- summoning of additional officers to assist in all investigation, contact, and interaction with Mr. Yancy;
- all officers' decision(s) and actions/conduct in detaining and arresting Mr. Yancy;
- all officers' decisions to use force on or against Mr. Yancy (including all manners of force available, contemplated, and actually used or attempted);
- all officers' actual use of any and all force on or against Mr. Yancy

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))

EXHIBIT A at p. 3

(including all manners of force available, contemplated, and actually used or attempted);

- the use and deployment of a police dog on Mr. Yancy.
- all officers' rights to self-defense and defense of others, along with officers' fear for their safety and for the safety of others (including members of the public, Mr. Yancy, and police dogs);
- all officers' perceptions that Mr. Yancy was under the influence of some sort of drugs (whether prescribed or over-the-counter), narcotics, hallucinogenic substances, or other illicit substances and/or that he exhibited abnormal strength and resistance to any sense of pain;
- all officers' decisions, acts, and steps toward summoning medical care for Mr. Yancy;
- all officers' decisions, acts, and steps toward providing medical evaluation and care for Mr. Yancy; and,
- all other issues relating to officers' training, evaluations, decisions, actions, and conduct in connection with their involvement with Mr. Yancy on May 11, 2014, and at any other relevant time and place.

Mr. Fonzi will provide opinion testimony on all police policies, procedures, and practices related to the role of mental health issues in police interaction (including stops, communications, detentions, arrest, and use of force) with suspects. Mr. Fonzi will opine about the nature, bases, grounds, and reasonableness of all officers' interactions with Mr. Yancy, with consideration of the effect, if any, of perceived mental health issues.

Mr. Fonzi's evaluation and testimony of all issues in this case will be guided and supported by his expertise in police practices and procedures, and he will opine on the reasonableness and lawfulness of all officer evaluations, decisions, actions, and conduct in connection with the involvement with Mr. Yancy on May 11, 2014, and on at any other relevant time or place.

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))

EXHIBIT A at p. 4

Mr. Fonzi will also provide expert testimony in response to and rebuttal of any percipient and/or expert testimony provided by any percipient or expert witness offered by Plaintiff.

Mr. Fonzi charges $250 per hour for case review and preparation (which include tasks such as analysis, records review, research, deposition and trial preparation, production of exhibits, consultation, and site visits). For deposition testimony and court testimony, he charges $2,000 for a four-hour minimum of testimony/appearance. Each hour thereafter is billed at $500 per hour. Any part of an hour will be billed as a whole.

For travel and/or court standby time, he charges $1000 for a half-day and $2,000 for a full day. Travel expenses are billed at actual cost.

2. **Gary M. Vilke, M.D., FACEP, FAAEM**
Department of Emergency Medicine
UCSD Medical Center
200 W. Arbor Drive
San Diego, CA 92103-8676
Tel: (619) 543-6210

Dr. Vilke is a Medical Doctor, who specializes in the field of emergency medicine. His qualifications to offer expert witness testimony in this action are provided in the CV attached as Exhibit B to this designation. His home address and telephone number have been redacted from this copy of his CV to protect his privacy. To the extent that any area of expertise is raised by the issues in this case, Dr. Vilke will be used to provide opinion testimony on those issues.

Dr. Vilke specializes in and will provide expert testimony in this case on all issues regarding relationships between officers' uses of force and Plaintiffs' allegations that such actions caused and/or contributed to Mr. Yancy's death. Dr. Vilke will provide opinions opposing and rebutting Plaintiffs' contentions that officers caused and/or contributed to Mr. Yancy's death through restraint asphyxia, positional asphyxia, compression asphyxia, any other form of asphyxia, use of a Taser, physical efforts to restrain Mr. Yancy, use of a baton or any other striking

5

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))
EXHIBIT A at p. 5

object or mechanism, use of a police dog, and/or any other method of force and/or restraint used upon Mr. Yancy. Dr. Vilke will opine regarding Mr. Yancy's physical conditions (preexisting and acute) and/or causes of death from an emergency medicine perspective.

From an emergency medicine perspective, Dr. Vilke will provide opinions about the role of Mr. Yancy's aggression, physical force, size, body type, anatomy, physiology, drug use, and mental health in causing and/or contributing to his physical conditions and/or death. Dr. Vilke will provide opinions regarding any toxicology issues (including, but not limited to, possible drug use and results of toxicology screens) that arise in this case and their connection to Mr. Yancy's physical conditions and/or death. From an emergency medicine perspective, Dr. Vilke will provide opinions regarding the relationship between any trauma-related injuries that Mr. Yancy may have sustained and his death. Dr. Vilke will provide expert testimony on all issues of respiratory, circulatory, and cardiac medicine and science related to evaluation of nature, extent, and causation of Mr. Yancy's alleged injuries and death. Dr. Vilke will provide expert testimony on the science, studies, and concepts of excited delirium, the factors demonstrating and supporting existence of this condition in Mr. Yancy, and the relationship of this condition to his injuries and cause of death.

Dr. Vilke will provide expert testimony on the field of studies and science on theories of positional asphyxia, restraint asphyxia, compression asphyxia, and all other theories of asphyxia in relation to officer/suspect contacts and interactions, as well as asphyxiation trauma and cause-of-death issues. He will also provide expert testimony on the studies and science regarding uses of Tasers in relation to officer/suspect contacts and interactions, as well as trauma and cause-of-death issues. Dr. Vilke will also provide expert testimony on the fields of studies and science related to other trauma-based injuries allegedly connected to officer/suspect interactions, such as use of weapons (e.g., batons, arms, or fists), body restraint

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))

EXHIBIT A at p. 6

techniques (whether or arms, legs, shoulders, knees, neck areas, or head), dog bites, hobble/leg restraints, and all other issues of force that may allegedly cause trauma and/or death. All such science and studies will be discussed in the general context and with specific regard to their relationship to issues of causation for Mr. Yancy's alleged physical conditions and death. Dr. Vilke will provide testimony regarding his expertise in the field of in-custody deaths and explanations of possible causes of Mr. Yancy's death. All issues of use of force and relationship to Mr. Yancy's alleged injuries and death that may be raised in this case are within the scope of Dr. Vilke's expertise and possible opinion testimony in this case.

To the extent that Plaintiffs challenge the sufficiency or effectiveness of officers' efforts to summon medical care and/or provide medical care for Mr. Yancy, Dr. Vilke will provide opinions about the emergency medicine needs of this incident, the reasonableness of the officers' actions in summoning medical care, and the nature, reasonableness, and impact of the officers' actions to provide medical care to Mr. Yancy while awaiting arrival of emergency crews.

Dr. Vilke will also provide expert testimony in response to and rebuttal of any percipient and/or expert testimony provided by any percipient or expert witness offered by Plaintiff.

For deposition and trial testimony, Dr. Vilke charges $2400 for matters lasting up to four hours. Additional deposition and trial testimony are billed at the hourly rate of $600 per hour. A cancellation fee of $1200 will be charged if trial or deposition is cancelled with less than 48 hours notice from the agreed upon scheduled time within San Diego County, or within 96 hours outside of San Diego County.

///
///
///
///

7

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))
EXHIBIT A at p. 7

3. **Vincent J. M. Di Maio, M.D.**
10 Carriage Hills
San Antonio, Texas 78257
Tel: (210) 698-1400

Dr. Di Maio is a Medical Doctor who specializes in anatomical, clinical, and forensic pathology. He will provide expert testimony on all cause-of-death issues in this case. A copy of his CV showing his qualifications to provide expert testimony in this case is attached as Exhibit C.

From the pathologist perspective, Dr. Di Maio will testify about the Imperial County Coroner's Office investigation findings (including, but not limited to, the autopsy report) and areas of agreement or disagreement with the Coroner's Office conclusions. Dr. Di Maio will testify about the anatomical, physiological, toxicological, and microbiological factors relating to Mr. Yancy's injuries and death, and provide opinions demonstrating that Mr. Yancy's death was not caused by improper use of force. Dr. Di Maio was testify about the anatomical, physiological, toxicological, and microbiological factors showing that Mr. Yancy's death was not the result of positional asphyxia, restraint asphyxia, compressional asphyxia, any other form of asphyxia, use of a Taser, deployment of a police dog, or any other use of force. For purposes of analyzing and opining regarding cause of death, Dr. Di Maio will testify about the anatomical, physiological, toxicological, and microbiological significance and possible causes of the alleged fractured hyoid bone and all other physical injuries noted on Mr. Yancy. Dr. Di Maio will testify about the field and science of excited delirium and the relationship to Mr. Yancy's injuries and cause of death.

Dr. Di Maio will provide opinions opposing and rebutting Plaintiffs' contentions that Mr. Yancy's death was caused by restraint asphyxia, positional asphyxia, compression asphyxia, any other form of asphyxia, use of a Taser, physical efforts to restrain Mr. Yancy, use of a baton or any other striking object or mechanism, use of a police dog, and/or any other method of force and/or restraint

8

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))

EXHIBIT A at p. 8

used upon Mr. Yancy. Dr. Di Maio will opine regarding Mr. Yancy's physical conditions (preexisting and acute) and/or causes of death from a pathologist perspective.

From a pathologist perspective, Dr. Di Maio will provide opinions about the role of Mr. Yancy's aggression, physical force, size, body type, anatomy, physiology, drug use, and mental health in causing and/or contributing to his physical conditions and/or death.

From a pathologist perspective, Dr. Di Maio will provide expert testimony on the field of studies and science on theories of positional asphyxia, restraint asphyxia, compression asphyxia, and all other theories of asphyxia in relation to officer/suspect contacts and interactions, as well as asphyxiation trauma and cause-of-death issues. He will also provide expert testimony on the studies and science regarding uses of Tasers in relation to officer/suspect contacts and interactions, as well as trauma and cause-of-death issues. Dr. Di Maio will also provide expert testimony on the fields of studies and science related to other trauma-based injuries allegedly connected to officer/suspect interactions, such as use of weapons (e.g., batons, arms, or fists), body restraint techniques (whether or arms, legs, shoulders, knees, neck areas, or head), dog bites, hobble/leg restraints, and all other issues of force that may allegedly cause trauma and/or death. All such science and studies will be discussed in the general context and with specific regard to their relationship to issues of causation for Mr. Yancy's alleged physical conditions and death. All issues of use of force and relationship to Mr. Yancy's alleged injuries and death that may be raised in this case are within the scope of Dr. Di Maio's expertise and possible opinion testimony in this case.

Dr. Di Maio may also testify about Mr. Yancy's life expectancy, based on available information about his medical conditions, lifestyle, and any other relevant factors.

9

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))
EXHIBIT A at p. 9

Dr. Di Maio will also provide expert testimony in response to and rebuttal of any percipient and/or expert testimony provided by any percipient or expert witness offered by Plaintiff.

For deposition or trial testimony outside of San Antonio, Dr. Di Maio charges $4,000.

4. **Dominic Addario, M.D.**
   3010 First Avenue
   San Diego, California 92103-5816
   (619) 295-2189

Dr. Addario is a psychiatrist. His qualifications to offer expert witness testimony in this action are provided in the CV attached as Exhibit D to this designation. Dr. Addario will provide expert testimony regarding Plaintiffs' alleged emotional/psychological damages, including but not limited to: all aspects and issues of diagnosis; prognosis; causation; nature, extent, and reasonableness of past treatment; nature, extent, and reasonableness of any needs for future treatment; clinical significance and meaning of any testing/evaluation performed upon Plaintiff (whether conducted by Plaintiffs' treating providers and experts or by Dr. Addario in any Independent Medical Examination that may be allowed in this action); nature and clinical significance of all entries in Plaintiffs' medical records; nature and clinical significance of all notes and findings made by Plaintiffs' treating providers and/or experts; nature and clinical significance for their claimed emotional/psychological injuries/damages of Plaintiffs' revelations and disclosures in any context; reasonable value of past and future treatment; and any other matter or issue that is relevant to evaluating the nature, extent, reasonableness, plausibility, causation, and value of Plaintiffs' alleged emotional/psychological damages (past, present, and future). In addition, Dr. Addario will offer expert testimony in response to any percipient and/or expert testimony provided by Plaintiffs' treating medical providers, Plaintiffs' retained expert witness(es), and any other witnesses regarding Plaintiffs' alleged emotional/psychological injuries and damages.

10

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))

EXHIBIT A at p. 10

Dr. Addario will also provide expert testimony on the nature, extent, effects, and significance of any and all mental health conditions that Mr. Yancy may have had at or before the time of the incidents at issue in this case. Dr. Addario will provide expert testimony on the nature and variability of signs and symptomology of such conditions, nature and variability of outward manifestations of such conditions, the possible pharmacological and physical/mental significance of medications Mr. Yancy was supposed to be taking, the possible pharmacological and physical/mental significance of failure to take prescribed medications, the factors affecting public and officers' ability to interpret and perceive the presence or existence of Mr. Yancy's alleged mental health conditions (if any), and the impact such conditions may have had on Mr. Yancy's level of cooperativeness, violence, demeanor, perception, attitude, pain tolerance, aggression, and reactivity.

Dr. Addario charges $500 per hour for deposition testimony and $500 per hour for courtroom appearances, with a $3,000 fee for ½ day reservation for courtroom appearance. Dr. Addario has a 72-working hour cancellation policy, with a charge of $350 per scheduled hour.

## II. NON-RETAINED EXPERT WITNESSES

1. **California Highway Patrol Officer Heather Blancarte**
   601 N. 7th Street
   Sacramento, California 95811
   Tel: (916) 843-3340

Officer Blancarte is a CHP Officer who serves in the California Highway Patrol's Research and Planning Section. She has special knowledge, training, skill, and experience in all aspects of CHP MVARS equipment policies, practices, procedures, operations, and maintenance. She will provide expert testimony regarding the policies, practices, and procedures for use of MVARS equipment in patrol vehicles. She will provide expert testimony on how the MVARS devices work, connection options for patrol vehicles, methods of device activation and deactivation, officers' responsibilities and procedures for using MVARS devices

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))

EXHIBIT A at p. 11

and evidence, techniques and processes of saving and retrieving data from MVARS devices, the equipment features of MVARS devices, control processes for MVARS devices and data storage media, availability and non-availability of audio depending on type of MVARS activation, cabin and body mics for MVARS equipment and circumstances on when they are used or not used, nature and types of data recorded on MVARS devices, data storage types and methodology, data retrieval and storage functions and steps, types of problems and malfunctions encountered with MVARS devices, commonality of problems and malfunctions in MVARS devices, various types of systems problems with MVARS devices, maintenance protocols and practices for MVARS devices, troubleshooting of MVARS devices, responsibilities and duties of MVARS Coordinators, lack of officer capability to erase or delete MVARS data, practices and protocols for repairs of MVARS devices, and the role of WatchGuard in sales, installation, operations, maintenance, and repair or MVARS devices.

   Officer Blancarte will provide expert testimony challenging and rebutting Plaintiffs' contentions that any relevant MVARS data was lost, deleted, or destroyed in connection with the incidents at issue in this case.

   Officer Blancarte will also provide expert testimony in response to any percipient or expert testimony provided by any relevant percipient and/or expert witnesses offered by Plaintiffs.

   As a CHP employee, Officer Blancarte does not charge a fee for testifying at depositions or trial.

   2. **CHP Officer Christina Tagle**
     601 N. 7th Street
     Sacramento, California 95811
     Tel: (916) 843-3060

   Officer Tagle is a CHP Officer who, at the time of the investigation into the May 11, 2014, incident, served in the Office of Internal Affairs. She has special knowledge, training, skill, and experience in all aspects of CHP forensic evaluation
12

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))

EXHIBIT A at p. 12

of MVARS equipment and data. She will provide expert testimony on this subject. She was involved in the forensic evaluation of the hard drives taken from the MVARS devices found in Officers Robert Gonzales's and Gilbert Caldera's patrol vehicles. She will provide expert testimony on the techniques and processes for forensically locating and retrieving that data which was obtained from those units in connection with the Critical Incident Team's investigation. She will provide expert testimony to explain and verify that no data was deleted or destroyed in this process, that both units were malfunctioning, the possible causes and nature of the malfunctions, that both units only recorded certain segments of loop data, and that all loop data was downloaded and provided. She will also provide expert testimony demonstrating that Officer Caldera's MVARS was not in operation at the time of the incident and did not capture any data related to the incident.

Officer Tagle will provide expert testimony challenging and rebutting Plaintiffs' contentions that any relevant MVARS data was lost, deleted, or destroyed in connection with the incidents at issue in this case. Officer Tagle will also provide expert testimony in response to any percipient or expert testimony provided by any relevant percipient and/or expert witnesses offered by Plaintiffs.

As a CHP employee, Officer Tagle does not charge a fee for testifying at depositions or trial.

3. **William A. Grant, II, DVM**
Community Veterinary Hospital, Inc.
13200 Euclid
Garden Grove, CA 92843
Tel: (714) 537-5390

Dr. Grant is a veterinarian who examined and treated police K-9 Jambo on or about September 16, 2014. Dr. Grant will be called to provide expert testimony detailing and explaining his evaluation, diagnosis, and treatment of Jambo. Dr. Grant will be called to provide expert testimony regarding the diagnosis of laryngeal paralysis and possible causation for such a condition. To the extent that Dr. Grant has been involved in any prior or follow-up evaluation, diagnosis, and

treatment of Jambo, he will be asked to provide expert testimony on Jambo's health conditions and possible causation.

Dr. Grant is not a retained expert, so his fee for testimony (if any) is not known.

4. **Darryl J. Garber, M.D.**
   Chief Forensic Pathologist
   Imperial County Coroner's Office
   P.O. Box 1040, El Centro, CA 92244-1040
   Tel: (760) 339-6328

Dr. Garber is a Medical Doctor who specializes in anatomical, clinical, and forensic pathology. He performed the autopsy on Tommy Yancy, Jr. He will be called to provide expert testimony detailing and explaining all steps of this autopsy, the observations made in the course of the autopsy, all testing performed as part of the autopsy, all imaging and photography performed as part of the autopsy, all microbiological and toxicological test results, and all findings and conclusions made as a result of the autopsy. Dr. Garber will be called to testify on all aspects and features of his examination, testing, analysis, findings, and conclusions from the autopsy, which matters have been provided to all parties as pages D14 through D25 of the CHP Critical Incident Criminal Investigation Report. All matters covered in the autopsy report are possible subjects of expert testimony from Dr. Garber.

Dr. Garber may also testify about Mr. Yancy's life expectancy, based on available information about his medical conditions, lifestyle, and any other relevant factors.

Dr. Garber is not retained, so Defendants are unaware of what, if any, amount he may charge for deposition and trial testimony.

14

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))
EXHIBIT A at p. 14

| | |
|---|---|
| Dated: December 1, 2016 | Respectfully submitted,<br><br>KAMALA D. HARRIS<br>Attorney General of California<br>RICHARD F. WOLFE<br>Supervising Deputy Attorney General<br><br>*/s/ Douglas S. Baxter*<br>DOUGLAS E. BAXTER<br>Deputy Attorney General<br>*Attorneys for Defendants State of California (by and through the California Highway Patrol); Gilbert Caldera; Heraclio Cardenas; Robert Gonzales; Fernando Alvarez; Salvador Acevedo; and Wesley Boerner* |

SD2015700805
81519321.doc

15

INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL. (15-cv-0580 JM (PCL))

EXHIBIT A at p. 15

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name: **Yancy, et al. v. State of California (CHP), et al.**

No.: **15-cv-0580 JM (PCL)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 600 West Broadway, Suite 1800, P.O. Box 85266, San Diego, CA 92186-5266.

On **December 1, 2016**, I served the attached **INITIAL DESIGNATION OF EXPERT WITNESSES BY DEFENDANTS STATE OF CALIFORNIA (CALIFORNIA HIGHWAY PATROL), ET AL.** by placing a true copy thereof enclosed in a sealed envelope with **Federal Express overnight**, addressed as follows:

| | |
|---|---|
| William Bender, Esq.<br>Bender & Gritz<br>Diamond View Tower<br>350 10th Avenue, Suite 900<br>San Diego, CA 92101<br>*Attorneys for Plaintiff* | Maxwell C. Agha<br>Banker's Hills Law Firm, APC<br>160 Thorn Street, Suite 200<br>San Diego, CA 92103<br>*Attorneys for Lawanda Moses* |
| David Fox, Esq.<br>Fox Law APC<br>1221 Camino Del Mar<br>Del Mar, CA 92014<br>*Attorneys for Plaintiff* | Steven A. Tisi, Esq.<br>Gibbs & Fuerst<br>600 B Street, Suite 2300<br>San Diego, CA 92101<br>*Attorneys for Plaintiff* |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **December 1, 2016**, at San Diego, California.

J. L. Hall
Declarant

[Signature]
Signature

SD2015700805
81520946.doc

EXHIBIT A at p. 16