1  KAMALA D. HARRIS
   Attorney General of California
2  RICHARD F. WOLFE
   Supervising Deputy Attorney General
3  DOUGLAS E. BAXTER
   Deputy Attorney General
4  State Bar No. 201351
     600 West Broadway, Suite 1800
5    San Diego, CA 92101
     P.O. Box 85266
6    San Diego, CA 92186-5266
     Telephone: (619) 738-9567
7    Fax:        (619) 645-2012
     E-mail: Douglas.Baxter@doj.ca.gov
8  Attorneys for Defendants State of California
   (by and through the California Highway
9  Patrol); Gilbert Caldera; Heraclio
   Cardenas; Robert Gonzales; Salvador
10 Acevedo; Fernando Alvarez; Jason Graham,
   Wes Boerner, and DeeAnn Goudie

11

12              IN THE UNITED STATES DISTRICT COURT

13          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15

| | |
|---|---|
| 16  **ALEXIS YANCY, and JAYDEN YANCY, by and through their Guardian Ad Litem, CATHERINE HAWK, individually and on behalf of the Estate of Tommy Yancy, Junior, deceased,** | Case No. 3:15-cv-0580 JM (PCL) |
| | **DEFENDANTS' ANSWER TO THE THIRD AMENDED COMPLAINT** |
| 19                          Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| 20           **v.** | |
| 21  **STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, GILBERT CALDERA, HERACLIO CARDENAS, ROBERT GONZALES, SALVADOR ACEVEDO, FERNANDO ALVAREZ, JASON GRAHAM, WES BOERNER, and DEEANN GOUDIE,** | |
| 26                  Defendants. | |

27

28

                                    1

1    Defendants State of California, by and through the California Highway Patrol,

2   Gilbert Caldera, Heraclio Cardenas, Robert Gonzales, Salvador Acevedo, Fernando

3   Alvarez, Jason Graham, Wes Boerner, and DeeAnn Goudie admit, deny, and allege

4   in response to Plaintiffs' Third Amended Complaint (Doc. 96) as follows:

## I.

## <u>JURISDICTION AND VENUE</u>

7        1.      Answering paragraph 1, Defendants deny that Plaintiffs have grounds for

8   asserting any claims against Defendants for deprivations of constitutional rights

9   protected by 42 U.S.C. §§ 1983, 1985, 1986, or 1988.  Defendants deny that

10   Plaintiffs have grounds for asserting claims against Defendants for deprivations of

11   rights afforded by the Fourteenth Amendment to the United States Constitution.

12   Defendants admit that, based solely on the allegations made by Plaintiffs (and

13   without admitting the truth of said allegations), Plaintiffs make allegations

14   sufficient to confer jurisdiction in this Court under 28 U.S.C. §§ 1331, 1343, and

15   1367.

16        2.      Answering paragraph 2, Defendants admit that venue is proper in this

17   District under 28 U.S.C. § 1391(b) because the allegations identify a substantial

18   number of events and transactions allegedly occurring in Imperial County.

19   Defendants lack sufficient information or belief to admit or deny whether "all of the

20   events and transactions giving rise to this action took place in Imperial County,

21   California," and, on that basis, deny the allegation.

## II.

## <u>NATURE OF ACTION</u>

25        3.      Answering paragraph 3, Defendants deny that there was a wrongful

26   death.  Defendants deny that Plaintiffs are entitled to any form of damages.

27   Defendants deny that Plaintiffs' rights under the United States Constitution and

28   state law were violated in any manner by Defendants.  Defendants deny that

2

decedent Tommy Yancy, Jr.'s rights under the United States Constitution and state law were violated in any manner by Defendants.

4.     Answering paragraph 4, Defendants admit that Tommy Yancy, Jr. was 32 years old at the time of his death, that he was a black man and a veteran of the United States Army. Defendants lack sufficient information to admit or deny whether Mr. Yancy resided in the City of El Centro, California, at the time of his death, whether Tommy Yancy, Jr. was the father of Alexis and Jayden Yancy, or whether Alexis and Jayden Yancy were 14 and 8 years old, respectively, and on that basis, deny said allegations. Except as expressly admitted, Defendants deny the allegations of paragraph 4.

## III.

## **PARTIES**

5.     Answering Paragraph 5, Defendants lack sufficient information to admit or deny that Plaintiffs Alexis and Jayden Yancy are Tommy Yancy Jr.'s surviving children and individual heirs, or that they are the personal representatives and successors in interest of the Estate of Tommy Yancy, Jr. Defendants deny that Plaintiffs or Tommy Yancy Jr. are entitled to any relief under 42 U.S.C. §§ 1983 and 1988 or California Code of Civil Procedure sections 377.20, et seq. and 377.60, et seq. Except as expressly admitted, Defendants deny the allegations of Paragraph 5.

6.     Defendants lack sufficient information to admit or deny the allegations of Paragraph 6, and on that basis, deny the same.

7.     Defendants lack sufficient information to admit or deny the allegations of Paragraph 7, and on that basis, deny the same.

8.     Defendants lack sufficient information to admit or deny the allegations of Paragraph 8, and on that basis, deny the same.

///

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT  (15-cv-0580 JM (PCL))

9. Defendants lack sufficient information to admit or deny the allegations of Paragraph 9, and on that basis, deny the same.

10. Answering Paragraph 10, Defendants admit that Defendant Gilbert Caldera has been an Officer of the California Highway Patrol and was so employed on May 11, 2014. Defendants lack sufficient information or belief to admit or deny the contention that Officer Caldera held this position "at all times relevant," and, on that basis, deny the allegation. Defendants deny that Officer Caldera ever engaged in excessive force against Tommy Yancy. Jr. Defendants lack sufficient information or belief to admit or deny the contention that Officer Caldera "engaged in the conduct described below," as it is unclear what this is referring to in a 27-page Third Amended Complaint containing multiple allegations about multiple people; therefore, Defendants deny the allegation. To the extent this overbroad and compound phraseology is intended to allege that Defendant Caldera engaged in any wrongful conduct toward Plaintiffs or their decedent, Defendants deny the allegation. Defendant Caldera did not violate any of Plaintiffs' or Mr. Yancy's rights under state or federal statutory law, common law, or constitutional law.

11. Answering Paragraph 11, Defendants admit that Defendant Heraclio Cardenas has been an Officer of the California Highway Patrol and was so employed on May 11, 2014. Defendants lack sufficient information or belief to admit or deny the contention that Officer Cardenas held this position "at all times relevant," and, on that basis, deny the allegation. Defendants deny that Officer Cardenas ever engaged in excessive force against Tommy Yancy. Jr. Defendants lack sufficient information or belief to admit or deny the contention that Officer Cardenas "engaged in the conduct described below," as it is unclear what this is referring to in a 27-page Third Amended Complaint containing multiple allegations about multiple people; therefore, Defendants deny the allegation. To the extent this overbroad and compound phraseology is intended to allege that Defendant Cardenas engaged in any wrongful conduct toward Plaintiffs or their decedent,

1    Defendants deny the allegation.  Defendant Cardenas did not violate any of
2    Plaintiffs' or Mr. Yancy's rights under state or federal statutory law, common law,
3    or constitutional law.

4        12.   Answering Paragraph 12, Defendants admit that Defendant Robert
5    Gonzales has been an Officer of the California Highway Patrol and was so
6    employed on May 11, 2014.  Defendants lack sufficient information or belief to
7    admit or deny the contention that Officer Gonzales held this position "at all times
8    relevant," and, on that basis, deny the allegation.  Defendants deny that Officer
9    Gonzales ever engaged in excessive force against Tommy Yancy. Jr.  Defendants
10   lack sufficient information or belief to admit or deny the contention that Officer
11   Gonzales "engaged in the conduct described below," as it is unclear what this is
12   referring to in a 27-page Third Amended Complaint containing multiple allegations
13   about multiple people; therefore, Defendants deny the allegation.  To the extent this
14   overbroad and compound phraseology is intended to allege that Defendant
15   Gonzales engaged in any wrongful conduct toward Plaintiffs or their decedent,
16   Defendants deny the allegation.  Defendant Gonzales did not violate any of
17   Plaintiffs' or Mr. Yancy's rights under state or federal statutory law, common law,
18   or constitutional law.

19       13.   Answering Paragraph 13, Defendants admit that Defendant Fernando
20   Alvarez has been an Officer of the California Highway Patrol and was so employed
21   on May 11, 2014.  Defendants lack sufficient information or belief to admit or deny
22   the contention that Officer Alvarez held this position "at all times relevant," and, on
23   that basis, deny the allegation.  Defendants deny that Officer Alvarez ever engaged
24   in excessive force against Tommy Yancy. Jr.  Defendants lack sufficient
25   information or belief to admit or deny the contention that Officer Alvarez "engaged
26   in the conduct described below," as it is unclear what this is referring to in a 27-
27   page Third Amended Complaint containing multiple allegations about multiple
28   people; therefore, Defendants deny the allegation.  To the extent this overbroad and

compound phraseology is intended to allege that Defendant Alvarez engaged in any wrongful conduct toward Plaintiffs or their decedent, Defendants deny the allegation. Defendant Alvarez did not violate any of Plaintiffs' or Mr. Yancy's rights under state or federal statutory law, common law, or constitutional law.

14. Answering Paragraph 14, Defendants admit that Defendant Salvador Acevedo has been an Officer of the California Highway Patrol and was so employed on May 11, 2014. Defendants lack sufficient information or belief to admit or deny the contention that Officer Acevedo held this position "at all times relevant," and, on that basis, deny the allegation. Defendants deny that Officer Acevedo ever engaged in excessive force against Tommy Yancy. Jr. Defendants lack sufficient information or belief to admit or deny the contention that Officer Acevedo "engaged in the conduct described below," as it is unclear what this is referring to in a 27-page Third Amended Complaint containing multiple allegations about multiple people; therefore, Defendants deny the allegation. To the extent this overbroad and compound phraseology is intended to allege that Defendant Acevedo engaged in any wrongful conduct toward Plaintiffs or their decedent, Defendants deny the allegation. Defendant Acevedo did not violate any of Plaintiffs' or Mr. Yancy's rights under state or federal statutory law, common law, or constitutional law.

15. Answering Paragraph 15, Defendants admit that defendant Jason Graham has been a Sergeant for the California Highway Patrol and was so employed on May 11, 2014. Defendants lack sufficient information or belief to admit or deny the contention that Sergeant Graham held this position "at all times relevant," and on that basis, deny that allegation. Defendants lack sufficient information to admit or deny that Sergeant Graham was "responsible for supervising and training the CHP officers named herein," as the terms "supervising and training" are overbroad and vague, and it is unclear which CHP Officers named in the Third Amended Complaint are specifically referred to. To the extent this overbroad and compound

6

phraseology is intended to allege that Sergeant Graham engaged in any wrongful conduct toward Plaintiffs or their decedent, Defendants deny the allegation. Sergeant Graham did not violate any of Plaintiffs' or Mr. Yancy's rights under state or federal statutory law, common law, or constitutional law.

16. Answering Paragraph 16, Defendants admit that defendant Wes Boerner has been a Sergeant for the California Highway Patrol and was so employed on May 11, 2014. Defendants lack sufficient information or belief to admit or deny the contention that Sergeant Boerner held this position "at all times relevant," and on that basis, deny that allegation. Defendants lack sufficient information to admit or deny that Sergeant Boerner was "responsible for supervising and training the CHP officers named herein," as the terms "supervising and training" are overbroad and vague, and it is unclear which CHP Officers named in the Third Amended Complaint are specifically referred to. To the extent this overbroad and compound phraseology is intended to allege that Sergeant Boerner engaged in any wrongful conduct toward Plaintiffs or their decedent, Defendants deny the allegation. Sergeant Boerner did not violate any of Plaintiffs' or Mr. Yancy's rights under state or federal statutory law, common law, or constitutional law.

17. Answering Paragraph 17, Defendants admit that defendant DeeAnn Goudie has been a Sergeant for the California Highway Patrol and was so employed on May 11, 2014. Defendants lack sufficient information or belief to admit or deny the contention that Sergeant Goudie held this position "at all times relevant," and on that basis, deny that allegation. Defendants lack sufficient information to admit or deny that Sergeant Goudie was "responsible for supervising and training the CHP officers named herein," as the terms "supervising and training" are overbroad and vague, and it is unclear which CHP Officers named in the Third Amended Complaint are specifically referred to. To the extent this overbroad and compound phraseology is intended to allege that Sergeant Goudie engaged in any wrongful conduct toward Plaintiffs or their decedent, Defendants deny the allegation.

7

Sergeant Goudie did not violate any of Plaintiffs' or Mr. Yancy's rights under state or federal statutory law, common law, or constitutional law.

18. Defendants lack sufficient information to admit or deny the allegations in Paragraph 18, and on that basis, deny the same.

19. Answering Paragraph 19, Defendants deny that they engaged in any tortious activity, or that they violated any of Plaintiffs' or Mr. Yancy's federal or state constitutional rights, statutory rights, or common law rights. Defendants lack sufficient information to admit or deny the remaining allegations in the paragraph, and on that basis, deny the same.

## IV.

## <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

20. Defendants deny the allegations of Paragraph 20.

## V.

## <u>FACTS</u>

21. Defendants admit that on May 11, 2014 at approximately 1:22 P.M., CHP Officer Caldera pulled over Mr. Yancy because Mr. Yancy did not have a license plate affixed to his front bumper. Defendants further admit that at some point Mr. Yancy became unresponsive, and that at some point Mr. Yancy was pronounced dead. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 21, and on that basis, deny the same.

22. Defendants admit that at the time of his death, Mr. Yancy was a 32-year-old black man and veteran of the United States Army. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 22, and on that basis, deny the same.

23. Defendants admit that after pulling Mr. Yancy over, CHP Officer Caldera smelled the odor of marijuana in Mr. Yancy's car. Defendants further admit that

8

Mr. Yancy told Officer Caldera that he was a veteran, that Officer Caldera had pulled over Mr. Yancy in the past, and that Officer Caldera called for backup before asking Mr. Yancy to exit his vehicle. Except as expressly admitted, Defendants deny the allegations of Paragraph 23.

24.   Defendants admit that Officer Cardenas was the first Officer to arrive at the scene in response to Officer Caldera's call for backup. Except as expressly admitted, Defendants deny the allegations of Paragraph 24.

25.   Defendants admit that Mr. Yancy became verbally upset, and that Mr. Yancy yelled at and threatened the officers. Defendants further admit that at some point Mr. Yancy exited his vehicle and stood outside of it, facing the officers. Except as expressly admitted, Defendants deny the allegations of Paragraph 25.

26.   Defendants admit that Officer Caldera attempted to remotely release CHP canine Jambo, and that the remote control malfunctioned. Defendants further admit that Officer Caldera went to his patrol car to manually release Jambo. Defendants further admit that once Jambo was out of the patrol car, Officer Caldera held the canine by its harness and told Mr. Yancy repeatedly to get on the ground or that he would release Jambo and that Mr. Yancy would be bitten. Defendants further admit that Mr. Yancy refused to comply with Officer Caldera's instructions, and Officer Caldera then released Jambo. Except as expressly admitted, Defendants deny the allegations of paragraph 26.

27.   Defendants admit that Jambo made contact with Mr. Yancy by biting Mr. Yancy's left forearm. Except as expressly admitted, Defendants deny the allegations of Paragraph 27.

28.   Defendants admit that Officer Gonzales was the next CHP Officer to arrive on the scene. Defendants admit that at some point, Officer Caldera put Jambo back in the patrol car. Defendants admit that Officer Gonzales assisted in handcuffing Mr. Yancy. Except as expressly admitted, Defendants deny the allegations of Paragraph 28.

9

29.   Defendants admit that Officer Caldera assisted in bringing Mr. Yancy to a standing position while Officer Cardenas stood nearby with his TASER drawn. Defendants further admit that Officer Caldera maintained contact with Mr. Yancy and escorted him toward a patrol car. Except as expressly admitted, Defendants deny the allegations of Paragraph 29.

30.   Defendants assert that once on the ground, Mr. Yancy continued to struggle and fight against them, but they were able to roll Mr. Yancy into a prone position. Defendants admit that the officers attempted to control Mr. Yancy's continuing behavior of resisting by trying to control his arm and leg movements. Except as expressly admitted, Defendants deny the allegations of Paragraph 30.

31.   Defendants admit that after Mr. Yancy was on the ground, other officers, including Officers Acevedo and Alvarez, arrived and assisted in attempting to restrain Mr. Yancy. Defendants admit that a medical examiner found that Mr. Yancy's hyoid bone was partially fractured. Defendants admit that Mr. Yancy became unresponsive at some point after Officers Acevedo and Alvarez arrived. Except as expressly admitted, Defendants deny the allegations of Paragraph 31.

32.   Defendants admit that officers rendered first aid to Mr. Yancy, and that paramedics rendered first aid upon their arrival. Defendants further admit that Mr. Yancy could not be revived, and that at some point he was pronounced dead. Defendants further admit that Officer Caldera performed a lawful enforcement stop against Mr. Yancy as a result of Mr. Yancy's failure to affix a license plate to the front bumper of his vehicle, in violation of the California Vehicle Code. Except as expressly admitted, Defendants deny the allegations of Paragraph 32.

33.   Defendants deny the allegations of Paragraph 33.

34.   Defendants deny the allegations of Paragraph 34.

35.   Defendants deny the allegations of Paragraph 35.

///

///

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT  (15-cv-0580 JM (PCL))

36. Due to the overbroad and vague phrasing of Paragraph 36, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and on that basis deny.

37. Defendants admit that in October 2012, Officer Cardenas performed an enforcement stop on a citizen complainant, an African-American man, for speeding, and the complainant refused to sign the citation. Defendants further admit that upon multiple refusals by the complainant to sign the citation, and warning that failure to sign the citation would require custodial arrest, Officer Cardenas eventually ordered the complainant out of his vehicle. The complainant refused to exit his vehicle, reached to the ignition, and turned on his vehicle. The complainant turned on his vehicle after he had previously complied with an order to turn off the vehicle due to Officer Cardenas' fear that the complainant was likely to attempt to flee the scene. When the complainant turned on his vehicle, Officer Caldera removed his electronic control device, pointed it at the complainant, and again ordered him to turn off his vehicle and exit his vehicle. Except as expressly admitted, Defendants deny the allegations of Paragraph 37.

38. Defendants admit that the complainant rolled up the windows to his vehicle and locked the doors. Officer Caldera responded with his canine to the scene as backup. Officer Cardenas was prepared to break the front passenger window with his ASP collapsible baton due to the complainant's continuing uncooperative behavior, refusal to comply with orders to exit the vehicle, and furtive gestures involving bags under the front passenger seat that Officer Cardenas feared could contain weapons. Just as Officer Cardenas was about to break the front passenger window, the complainant unlocked the front passenger door and exited the vehicle. The complainant was taken into custody for resisting, obstructing, and delaying an officer in violation of Penal Code section 148(a)(1). Except as expressly admitted, Defendants deny the allegations of Paragraph 38.

///

39. Defendants admit that the complainant filed a written citizen's complaint. Defendants admit that Officers Cardenas and Caldera were exonerated of the complainant's allegations. Except as expressly admitted, Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

## VI.

### FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATIONS

41. Defendants incorporate by reference all admissions and denials as set forth above.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants admit that during their encounter with Mr. Yancy, they were acting under color of state law and in the course and scope of their employment by the California Highway Patrol.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny that Plaintiffs are entitled to judgment against them, or to any relief set forth in their Prayer for Relief.

///

# VII.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983 – Individual Supervisor Liability)

55. Defendants incorporate by reference all admissions and denials as set forth above.

56. Due to the overbroad and vague phrasing of Paragraph 36, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and on that basis deny.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants deny the allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

60. Defendants deny that Plaintiffs are entitled to judgment against them, or to any relief set forth in their Prayer for Relief.

# VIII.

## THIRD CAUSE OF ACTION

### (42 U.S.C. § 1983 – Survival Action)

61. Defendants incorporate by reference all admissions and denials as set forth above.

62. Defendants lack sufficient information to admit or deny the allegations in Paragraph 62, and on that basis deny the same.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Those Defendants who were present at the time of the encounter with Mr. Yancy admit that they were acting within the course and scope of their employment by the California Highway Patrol during that encounter. Defendants deny that they used excessive force, that they failed to adequately supervisor and train any parties

| | |
|---|---|
| 1 | to this action, or that they engaged in any misconduct. Except as expressly |
| 2 | admitted, Defendants deny the allegations of Paragraph 65. |
| 3 | 66.  Defendants deny that Plaintiffs are entitled to any damages under |
| 4 | California Code of Civil Procedure §§ 377.30 and 377.34 in this action. |
| 5 | 67.  Defendants deny that Plaintiffs are entitled to judgment against them, or |
| 6 | to any relief set forth in their Prayer for Relief. |
| 7 | |
| 8 | **IX.** |
| 9 | **FOURTH CAUSE OF ACTION** |
| 10 | **Wrongful Death (42 U.S.C. § 1983)** |
| 11 | 68.  Defendants incorporate by reference all admissions and denials as set |
| 12 | forth above. |
| 13 | 69.  Defendants deny the allegations of Paragraph 69. |
| 14 | 70.  Defendants deny the allegations of Paragraph 70. |
| 15 | 71.  Defendants deny the allegations of Paragraph 71. |
| 16 | 72.  Defendants deny the allegations of Paragraph 72. |
| 17 | 73.  Defendants deny that Plaintiffs are entitled to judgment against them, or |
| 18 | to any relief set forth in their Prayer for Relief. |
| 19 | |
| 20 | **X.** |
| 21 | **FIFTH CAUSE OF ACTION** |
| 22 | **(Violation of the Bane Civil Rights Act)** |
| 23 | 74.  Defendants incorporate by reference all admissions and denials as set |
| 24 | forth above. |
| 25 | 75.  Defendants deny the allegations of Paragraph 75. |
| 26 | 76.  Defendants deny the allegations of Paragraph 76. |
| 27 | 77.  Defendants deny the allegations of Paragraph 77. |
| 28 | 78.  Defendants deny the allegations of Paragraph 78. |

14

1   79. Defendants deny the allegations of Paragraph 79.

2   80. Defendants admit that Mr. Yancy passed away on May 11, 2014. Except

3   as expressly admitted, Defendants deny the allegations of Paragraph 80.

4   81. Defendants deny the allegations of Paragraph 81.

5   82. Defendants deny the allegations of Paragraph 82.

6   83. Defendants deny the allegations of Paragraph 83.

7   84. Defendants deny that Plaintiffs are entitled to judgment against them, or

8   to any relief set forth in their Prayer for Relief.

9

10  # XI.

11  ## SIXTH CAUSE OF ACTION

12  ### (Assault (Cal. Govt. Code § 820 and California Common Law))

13  85. Defendants incorporate by reference all admissions and denials as set

14  forth above.

15  86. Defendants deny the allegations of Paragraph 86.

16  87. Defendants lack sufficient information to admit or deny the allegations

17  Paragraph 87, and on that basis deny the same.

18  88. Defendants assert that during the encounter with Mr. Yancy, officers

19  repeatedly informed him that lawful force could be employed against him due to his

20  actions if he failed to comply with instructions. Except as expressly admitted,

21  Defendants deny the allegations of Paragraph 88.

22  89. Defendants lack sufficient information to admit or deny the allegations in

23  Paragraph 89, and on that basis deny the same.

24  90. Defendants lack sufficient information to admit or deny the allegations in

25  Paragraph 90, and on that basis deny the same.

26  91. Defendants admit that Mr. Yancy passed away on May 11, 2014. Except

27  as expressly admitted, Defendants deny the allegations of Paragraph 91.

28  92. Defendants deny the allegations of Paragraph 92.

93.   Defendants deny that any officers "assaulted" Mr. Yancy. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 93, and on that basis deny the same.

94.   Defendants deny the allegations of Paragraph 94.

95.   Defendants deny the allegations of Paragraph 95.

96    Defendants deny the allegations of Paragraph 96.

97.   Defendants deny that Plaintiffs are entitled to judgment against them, or to any relief set forth in their Prayer for Relief.


## XII.

## SEVENTH CAUSE OF ACTION

## (Battery (Cal. Govt. Code § 820 and California Common Law))

98.   Defendants incorporate by reference all admissions and denials as set forth above.

99.   Defendants admit that they were acting within the course and scope of their employment as California Highway Patrol peace officers during the encounter with Mr. Yancy. Except as expressly admitted, Defendants deny the allegations of Paragraph 86.

100. Defendants deny the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants lack sufficient information to admit or deny the allegations Paragraph 102, and on that basis deny the same.

103. Defendants admit that Mr. Yancy passed away on May 11, 2014. Except as expressly admitted, Defendants deny the allegations of Paragraph 103.

104. Defendants deny the allegations of Paragraph 104.

105. Defendants deny the allegations of Paragraph 105.

106. Defendants deny the allegations of Paragraph 106.

107. Defendants deny the allegations of Paragraph 107.

16

1     108. Defendants deny that any Defendants performed any wrongful acts, or

2 any acts that would subject him or her to liability.

3     109. Defendants deny the allegations of Paragraph 109.

4     110. Defendants deny the allegations of Paragraph 110.

5     111. Defendants deny that Plaintiffs are entitled to judgment against them, or

6 to any relief set forth in their Prayer for Relief.

7

8 **XIII.**

9 **EIGHTH CAUSE OF ACTION**

10 **(False Arrest)**

11     112. Defendants incorporate by reference all admissions and denials as set

12 forth above.

13     113. Defendants deny the allegations of Paragraph 113.

14     114. Defendants deny the allegations of Paragraph 114.

15     115. Defendants deny the allegations of Paragraph 115.

16     116. Defendants deny the allegations of Paragraph 116.

17     117. Defendants deny that Plaintiffs are entitled to judgment against them, or

18 to any relief set forth in their Prayer for Relief.

19

20 **XIV.**

21 **NINTH CAUSE OF ACTION**

22 **(Negligence (Cal. Govt. Code § 815.2, 820, and California Common Law)**

23     118. Defendants incorporate by reference all admissions and denials as set

24 forth above.

25     119. Defendants deny the allegations of Paragraph 119.

26     120. Defendants deny the allegations of Paragraph 120.

27     121. Defendants deny the allegations of Paragraph 121.

28     122. Defendants deny the allegations of Paragraph 122.

123. Defendants deny that Plaintiffs are entitled to judgment against them, or to any relief set forth in their Prayer for Relief.

## XV.

## <u>TENTH CAUSE OF ACTION</u>

### <u>(Wrongful Death, C.C.P. § 377.60, et seq.)</u>

124. Defendants incorporate by reference all admissions and denials as set forth above.

125. Defendants deny the allegations of Paragraph 125.

126. Defendants deny the allegations of Paragraph 126.

127. Defendants deny the allegations of Paragraph 127.

128. Defendants deny that Plaintiffs are entitled to judgment against them, or to any relief set forth in their Prayer for Relief.

## XVI.

## <u>ELEVENTH CAUSE OF ACTION</u>

### <u>(Negligent Supervision and Training)</u>

129. Defendants incorporate by reference all admissions and denials as set forth above.

130. Defendants deny the allegations of Paragraph 130.

131. Defendants deny the allegations of Paragraph 131.

132. Defendants deny the allegations of Paragraph 132.

133. Defendants deny the allegations of Paragraph 133.

134. Defendants deny the allegations of Paragraph 134.

///

///

///

///

## XVII.

## **DAMAGES**

135. Defendants incorporate by reference all admissions and denials as set forth above.

136. Defendants lack sufficient information to admit or deny the allegations in Damages Paragraph 2, and on that basis deny said allegations.

137. Defendants deny the allegations of Damages Paragraph 3.

138. Defendants deny the allegations of Damages Paragraph 4.

139. Defendants deny the allegations of Damages Paragraph 175.

## XVI.

## **PRAYER FOR RELIEF**

140. Defendants deny that Plaintiff are entitled to judgment in this matter, or to any of the relief set forth in their Prayer for Relief, or to any other relief.

## **AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendants allege as follows:

## **AFFIRMATIVE DEFENSE NO. 1:**

The Third Amended Complaint and each cause of action are barred by the statute of limitations of California Code of Civil Procedure section 342 [relating to claims against public entities] and California Government Code sections 945.4, 945.6, 950.2, and 950.6.

## **AFFIRMATIVE DEFENSE NO. 2:**

The Third Amended Complaint and each cause of action are barred by the two-year statute of limitations of California Code of Civil Procedure section 335.1.

///

///

**AFFIRMATIVE DEFENSE NO. 3:**

The Third Amended Complaint and each cause of action are barred by the failure to precede the action with a claim as required by California Government Code sections 945.4, 911.2, 905.2, and 950.2.

**AFFIRMATIVE DEFENSE NO. 4:**

There is no liability in that the acts alleged in the Third Amended Complaint, if done at all, were done in the execution and enforcement of the law while exercising due care.  (Cal. Gov. Code §§ 815.2, 820.4.)

**AFFIRMATIVE DEFENSE NO. 5:**

To the extent any person suffered any detriment, such was unavoidable.  No person is responsible for that which no person can control.  (Cal. Civ. Code § 3526.)

**AFFIRMATIVE DEFENSE NO. 6:**

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.  There is no vicarious liability under the Federal Civil Rights Act.

**AFFIRMATIVE DEFENSE NO. 7:**

Defendants are immune from liability by reason of the provisions of California Government Code section 820.8, in that any injuries or damages were proximately caused by an act or omission of another person.  The California Government Claims Act bars vicarious liability for any act or omission of any other person, by way of respondeat superior or otherwise.  (Cal. Gov. Code §§ 815.2 & 820.8.)

**AFFIRMATIVE DEFENSE NO. 8:**

Defendants are entitled to qualified immunity, official immunity, and quasi-judicial immunity.  Defendants acted, at all times herein relevant, in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil

Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**AFFIRMATIVE DEFENSE NO. 9:**

Any and all alleged happenings and events, damages, and injuries, if any there were, were proximately caused and/or contributed to by the negligence or other wrongful conduct of Plaintiffs and/or their decedent, Tommy Yancy, Jr., each of whom failed to exercise ordinary and reasonable care for their own safety and welfare at the times and places alleged in the SAC. Such negligence or other wrongful conduct bars and/or reduces Plaintiffs' recovery in proportion to the negligence and fault of Plaintiffs and/or their decedent.

**AFFIRMATIVE DEFENSE NO. 10:**

Any damages or injuries sustained by Plaintiffs and/or their decedent, Tommy Yancy, Jr., were proximately caused and/or contributed to by the negligence or other wrongful conduct of third persons and entities other than these Defendants, and Defendants therefore allege that any and all damages awarded herein should be apportioned between all responsible persons, entities, and parties pursuant to the doctrines of comparative negligence/fault, equitable indemnity, total indemnity, and partial indemnity.

**AFFIRMATIVE DEFENSE NO. 11:**

Plaintiffs and their decedent, Tommy Yancy, Jr., herein willingly, voluntarily, and knowingly assumed each, every, and all of the risks and hazards involved in the activities alleged in the Third Amended Complaint. This action is therefore barred.

**AFFIRMATIVE DEFENSE NO. 12:**

The Third Amended Complaint and each cause of action are subject to the statutory limitation of California Civil Code sections 1431 through 1432, relating to joint and several liability for economic and noneconomic damages.

///

**AFFIRMATIVE DEFENSE NO. 13:**

The damages alleged in the Third Amended Complaint herein are subject to a set-off either partially or in full.

**AFFIRMATIVE DEFENSE NO. 14:**

Plaintiffs' and their decedent's own conduct estops Plaintiffs from claiming the damages alleged in the Third Amended Complaint.

**AFFIRMATIVE DEFENSE NO. 15:**

The instant action is barred by the doctrine of unclean hands on the part of Plaintiffs and their decedent.

**AFFIRMATIVE DEFENSE NO. 16:**

Plaintiffs and their decedent have waived any right to relief for the causes of action alleged in the Third Amended Complaint.

**AFFIRMATIVE DEFENSE NO. 17:**

At all relevant times, Plaintiffs and their decedent failed to mitigate injury and damages.

**AFFIRMATIVE DEFENSE NO. 18:**

The action is barred by the doctrines of laches and unreasonable delay in bringing this action.

**AFFIRMATIVE DEFENSE NO. 19:**

If and to the extent that the allegations of the Third Amended Complaint attempt to enlarge upon the facts and contentions set forth in the Government Claim, if any there was, said allegations fail to state a cause of action and are barred by California Government Code sections 905.2, 911.2, 945.4, and 950.2.

**AFFIRMATIVE DEFENSE NO. 20:**

To the extent that the Third Amended Complaint attempts to predicate liability upon any public entity defendant or any agent or employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, liability is barred by California Government Code sections 815.2 and

22

820.2 and *Herndon* v. *County of Marin*, 25 Cal. App. 3d 933, 935-936 (1972), reversed on other grounds by *Sullivan* v. *County of Los Angeles*, 12 Cal. 3d 710 (1974); by the lack of any duty running to Plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the Complaint.

**AFFIRMATIVE DEFENSE NO. 21:**

The detention or arrest, if any there was, alleged in the Third Amended Complaint was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

**AFFIRMATIVE DEFENSE NO. 22:**

Only reasonable force and restraint were used in the incident alleged in the Third Amended Complaint. There is no liability pursuant to California Penal Code sections 835 and 835a and California Government Code section 815.2.

**AFFIRMATIVE DEFENSE NO. 23:**

To the extent that any force was used in making the arrest or detention, if any there was, alleged in the Third Amended Complaint, it was privileged and lawful as necessary to effect arrest or detention, to prevent escape, and to overcome resistance. Plaintiffs' decedent knew or should have known that an arrest or detention was being made by peace officers and had a duty to refrain from using force or any weapon to resist any such arrest or detention, and was in violation of Penal Code sections 148, 241, 243, 245 and 834a in failing to refrain from assaulting, threatening, battering, obstructing, and resisting peace officers.

**AFFIRMATIVE DEFENSE NO. 24:**

Pursuant to California Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

23

**AFFIRMATIVE DEFENSE NO. 25:**

Pursuant to California Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

**AFFIRMATIVE DEFENSE NO. 26:**

Plaintiffs are not entitled to any prejudgment interest pursuant to California Civil Code Section 3291, since California Civil Code Section 3291 does not apply to a public entity or to a public employee acting within the scope of employment.

**AFFIRMATIVE DEFENSE NO. 27:**

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. (Cal. Gov. Code §§ 815.2, 820.2.)

**AFFIRMATIVE DEFENSE NO. 28:**

Should Defendants be found liable to Plaintiffs, which liability is expressly denied, any award for past medical expenses cannot exceed the amount paid by any third party to Plaintiffs' or their decedent's medical providers as full payment for the medical services rendered. In addition, to the extent Plaintiffs' or their decedent's fault caused or contributed to Plaintiffs' or their decedent's injuries (if any), any award for past medical expenses can be further reduced in accordance with the provisions of California Government Code section 985.

**AFFIRMATIVE DEFENSE NO. 29:**

There is no liability for any injury or damages, if any there were, caused by an escaping or escaped prisoner, by an escaped or escaping arrested person, or by a person resisting arrest. (Gov. Code, § 845.8, subd. (b).)

**AFFIRMATIVE DEFENSE NO. 30:**

The answering public entity is immune from suit pursuant to Government Code section 815 to the extent that the Third Amended Complaint and any cause of action therein attempt to state a cause of action not provided by statute against a public entity.

**AFFIRMATIVE DEFENSE NO. 31:**

Public entities are immune from suit when their employees are immune from suit.  (Cal. Gov. Code § 815.2.)

**AFFIRMATIVE DEFENSE NO. 32:**

These answering Defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 U.S.C. § 1988 and/or California Code of Civil Procedure section 1038.

## PRAYER

WHEREFORE, Defendants pray that:

1.  Judgment be rendered in favor of Defendants and against Plaintiffs;

2.  Plaintiffs take nothing by the Third Amended Complaint;

3.  Defendants be awarded attorneys' fees and costs of suit incurred herein; and

4.  Defendants be awarded such other and further relief as the Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Civil Rule 38.1, Defendants hereby make a demand for a jury trial on any issue triable of right by a jury.

| | |
|---|---|
| 1 | Dated:  August 15, 2017 |
| 2 | |

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General

s/Douglas E. Baxter

DOUGLAS E. BAXTER
Deputy Attorney General
*Attorneys for Defendants State of California (by and through the California Highway Patrol); Gilbert Caldera; Heraclio Cardenas; Robert Gonzales; Salvador Acevedo; Fernando Alvarez; Jason Graham, Wes Boerner, and DeeAnn Goudie*

SD2015700805
81782246.doc

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT  (15-cv-0580 JM (PCL))