| | |
|---|---|
| 1 | XAVIER BECERRA<br>Attorney General of California |
| 2 | RICHARD F. WOLFE<br>Supervising Deputy Attorney General |
| 3 | DOUGLAS E. BAXTER<br>Deputy Attorney General |
| 4 | State Bar No. 201351<br> 600 West Broadway, Suite 1800 |
| 5 |  San Diego, CA 92101<br> P.O. Box 85266 |
| 6 |  San Diego, CA 92186-5266<br> Telephone: (619) 738-9567 |
| 7 |  Fax:          (619) 645-2581<br> E-mail:  Douglas.Baxter@doj.ca.gov |
| 8 | *Attorneys for Defendants State of California (by and through the California Highway Patrol); Gilbert Caldera; Heraclio Cardenas; Robert Gonzales; Fernando Alvarez; Salvador Acevedo; Wesley Boerner; DeeAnn Goudie; and Jason Graham* |

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEXIS YANCY AND JAYDEN YANCY, BY AND THROUGH THEIR GUARDIAN AD LITEM, KATHERINE HAWK, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF TOMMY YANCY, JR., DECEASED,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; CITY OF IMPERIAL; CITY OF IMPERIAL POLICE DEPARTMENT; COUNTY OF IMPERIAL; COUNTY SHERIFF'S OFFICE; AND DOES 1 THROUGH 2, INCLUSIVE,**<br><br>Defendants. | 15-cv-0580 JM (PCL)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF A 2012 CITIZEN'S COMPLAINT IN AN UNRELATED INCIDENT**<br><br>Date:          October 2, 2017<br>Time:          10:00 A.M.<br>Courtroom: 5D<br>Judge:         Hon. Jeffrey T. Miller<br>Trial Date:  October 10, 2017<br>Action Filed:        March 13, 2015 |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs will seek to introduce evidence of a traffic stop in October 2012 involving Officers Cardenas and Caldera, who were the first two CHP officers to make contact with Mr. Yancy. The 2012 stop led to a citizen's complaint, which alleged that Officers Cardenas and Caldera used excessive force by displaying (but not using) a Taser and canine when the complainant refused to sign a citation and locked himself in his car. An investigation exonerated the officers. This evidence has no relevant to the claims in this case against Officers Caldera and Cardenas, and its introduction would present the severe risk of unduly prejudicing the jury. It would also unjustifiably consume an inordinate amount of trial time to present and rebut the complainant's allegations. All evidence of the incident should therefore be excluded.

The 2012 citizen's complaint alleged that Officer Cardenas performed an enforcement stop on him and issued a citation for speeding.[1] The complainant, however, refused to sign the citation, and claimed that Officer Cardenas then pointed a Taser at him. The complainant closed the windows to his car and locked the doors. Officer Caldera arrived shortly thereafter with his department-issued canine in response to a call for backup from Officer Cardenas and threatened to release the canine. The complainant then exited his vehicle and was taken into custody. CHP conducted an internal investigation based on the complaint, determined that the complainant's allegations regarding the officers' uses of force could not be substantiated. The investigation concluded with an exoneration of Officers Cardenas and Caldera, and no further action against them was taken.

Evidence of this event is irrelevant to the material issues in this case, and is inadmissible character evidence. As a pretext for introducing it, Plaintiffs will argue

---

[1] The Complaint is attached as Exhibit A to the Declaration of Douglas E. Baxter and is filed separately pursuant to application to seal.

that it is relevant to their supervisory claims against Sergeants Graham and Boerner on the theory that the complaint put the sergeants on notice of issues with the conduct of Officers Cardenas and Caldera. That theory does not justify admission of the evidence. There is no basis for claiming that the 2012 event would put the sergeants on notice: it was factually dissimilar to the incident with Mr. Yancy, moreover, it could not have put the sergeants on notice of any problems with Officers Cardenas and Caldera because the investigation concluded with an exoneration of them. Introduction of the evidence would require a trial within a trial on whether the actions in 2012 by Officers Cardenas and Caldera were appropriate, which would consume an inordinate amount of trial time on a collateral issue of doubtful probative value, and would risk confusing and misleading the jury.

Defendants therefore respectfully request that the Court order in limine that Plaintiffs, their counsel, and all witnesses are precluded from introducing evidence in the presence of the jury relating to a citizen's complaint filed in October 2012 involving Officers Caldera and Cardenas.

**ARGUMENT**

Irrelevant evidence is inadmissible. Fed. R. Evid. 401 and 402. "Evidence is considered irrelevant if it fails to make any fact of consequence more or less probable." *Alcala v. Woodford*, 334 F.3d 862, 887 (9th Cir. 2003). Evidence is not relevant if the only inference the jury may draw from it pertaining to a material fact would require the jury to speculate. *Id.* Even evidence that has some relevance is still properly excluded when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th

Cir. 2000) (quoting Adv. Comm. Notes to Fed. R. Evid. 403). Evidence is also properly excluded under Rule 403 when its introduction risks leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992).

Character evidence is also inadmissible. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This prohibition extends to evidence of both prior and subsequent acts. *U.S. v. Bibo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir. 1991). "Character evidence is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993) (citing *Cohn v. Papuke*, 655 F.2d 191, 193 (9th Cir. 1981).) An officer's past conduct does not bear on the issue of whether a use of force was excessive. *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989).)

Evidence of other acts is admissible only if: "(1) there must be sufficient proof for the jury to find the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged." *Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000) (footnote omitted). Even evidence that satisfies this test is properly excluded under Rule 403 if its probative value is outweighed by the danger of unfair prejudice or if its admission would require "a 'full-blown trial within [a] trial.'" (*Id.*)

In this case, evidence that a citizen's complaint was filed against Officers Cardenas and Caldera in 2012 is not relevant to any of the claims against them because it has no bearing on the question of whether they acted reasonably during their interaction with Mr. Yancy, and yet it risks prejudicing and confusing the jury. Moreover, because it is evidence of prior acts by Officers Cardenas and Caldera, it is inadmissible character evidence under Rule 404(b), and must be excluded unless Plaintiffs can establish that the evidence meets the conditions set forth in *Duran*.

Plaintiffs will attempt to tie the evidence to their supervisory claims against Sergeants Graham and Boerner by arguing that the citizen's complaint put the sergeants on notice that Officers Cardenas and Caldera were unfit or incompetent to perform their duties. This purported basis for introducing the evidence does not meet the necessary conditions for admission of character evidence under *Duran*. First, the alleged events in the 2012 incident are not similar to those in the officers' interaction with Mr. Yancy. The 2012 complainant claimed that Officer Cardenas pointed a Taser at him but did not fire it when the complainant refused to sign a speeding citation, and that Officer Caldera threatened to release his canine after the complainant locked himself in his car. The claim arose from the display, not the use, of force. Second, the evidence does not prove any material issue because Sergeants Graham and Boerner did not perform the investigation into the 2012 complaint, and it concluded with an exoneration of the officers. There is no evidence that it would have been unreasonable for the sergeants to rely on that exoneration, and no evidence that the complaint or investigation put the sergeants on notice of any problems with Officers Cardenas and Caldera.

Finally, introduction of evidence of the 2012 incident would consume an unjustifiable amount of time at trial. Plaintiffs would need to put on sufficient evidence to establish: 1) that the events occurred as the complainant claimed, despite the fact that the CHP investigation concluded that there was not sufficient evidence; 2) that even if the events did occur as the complainant claimed, they were unreasonable or improper under the circumstances at the time; and 3) that Sergeants Graham and Boerner had sufficient knowledge of the complaint to be put on notice that Officers Cardenas and Caldera had acted improperly. In turn, Defendants would be compelled to present evidence to rebut the Plaintiffs' evidence. The effect would be to re-try the entire investigation. The time and resources that would be required, and the risk of jury confusion and prejudice resulting from the

presentation of such evidence, outweigh the doubtful probative value the evidence offers to this case.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant their Motion in Limine to exclude evidence of the 2012 complaint and investigation.

Dated: September 11, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General

*s/ Douglas E. Baxter*
DOUGLAS E. BAXTER
Deputy Attorney General
*Attorneys for Defendants State of California (by and through the California Highway Patrol); Gilbert Caldera; Heraclio Cardenas; Robert Gonzales; Fernando Alvarez; Salvador Acevedo; Wesley Boerner; DeeAnn Goudie; and Jason Graham*