William E. Bender, Esq. (SBN: 167887)
Brandi Kurlander, Esq. (SBN: 203077)
**BENDER & GRITZ**
350 10th Avenue, Suite 900
San Diego, California 92101
TEL: (619) 515-0222
FAX: (619) 515-0221
E-mail: bbender@bendergritz.com

Dave A. Fox, Esq. (SBN: 254651)
**FOX LAW, APC**
225 W. Plaza St., Suite 102
Solana Beach, CA 92075
TEL: (858) 256-7616
FAX: (858) 256-7618
E-mail: Dave@foxlawapc.com

Attorney for Plaintiffs Alexis Yancy and Jayden Yancy

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXIS YANCY and JAYDEN YANCY, by and through their Guardian Ad Litem, CATHERINE HAWK, individually and on behalf of the Estate of Tommy Yancy, Junior, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; et al.<br><br>Defendants.<br>AND CONSOLIDATED CASE OF LAWANDA MOSES,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL, et al.<br><br>Defendants. | **Case No. 3:15-cv-0580-JM-PCL**<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' CUMULATIVE EXPERT WITNESS TESTIMONY FROM GARY VILKE, M.D.**<br><br>**[MOTION *IN LIMINE* NO. 4 OF 6]**<br><br>Judge:       Hon. Jeffrey T. Miller<br>Courtroom:   5D<br><br>Complaint Filed: September 20, 2016 |

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' CUMULATIVE EXPERT WITNESS TESTIMONY FROM GARY VILKE, M.D.

Plaintiffs Alexis Yancy and Jayden Yancy ("Plaintiffs") respectfully submit this Motion *in Limine* to exclude needlessly cumulative expert witness testimony from Defendants' emergency medicine expert, Gary Vilke, M.D. Here, Defendants attempt to offer expert witness opinions from Dr. Vilke that is duplicative of Defendants' forensic pathologist expert, Michael Graham, M.D. This cumulative evidence should be precluded because it is needlessly cumulative, and would cause delay and waste time at trial.

## I. INTRODUCTION AND FACTUAL BACKGROUND

CHP officers pulled over Mr. Yancy, an African-American veteran and father of two, for a missing front license plate while Mr. Yancy was driving to a Mother's Day celebration in May 2014. After a verbal dispute with CHP officers about this infraction, CHP officers violently tased, beat, and had a police canine attack Mr. Yancy multiple times. The parties and witnesses dispute the facts of this altercation. Several members of the public have testified the force was excessive, while the Defendant police officers have testified their use of force was reasonable.

As to the cause of death, Defendants will argue that Mr. Yancy did not die as a result of any force applied to him during the encounter. They persist in this defense despite uncontroverted evidence that the Defendant officers exerted so much force that they broke Mr. Yancy's neck (fracturing the Hyoid bone, a bone deep in the neck protected by the mandible and cartilage structures of the neck). Rather than acknowledge Defendants' actions caused Mr. Yancy's death, Defendants will attempt to argue that Mr. Yancy died from "excited delirium." As explained in Plaintiffs' accompanying motions in limine, "excited delirium" is not a diagnosis recognized by any of the most well-known diagnostic code or procedure manuals such as the Diagnostic and Statistical Manual of Mental Disorders ("DSM"; DSM-5 is the most recent version), or reputable institutions such as the American Psychological Association, the World Health Organization, or the American Medical Association.

/////

Regarding this defense, Defendants have designated two expert witnesses to provide the same opinion. Both Dr. Vilke (emergency medicine), and Dr. Graham (forensic pathology) will attempt to opine that the actions of the Defendant officers did not cause Mr. Yancy's death, but rather an excited delirium syndrome arising from his history of schizophrenia caused his death. This needlessly cumulative expert witness testimony should be precluded.

## II. ARGUMENT

It is well established practice that a party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

The Court has discretion to exclude evidence, even if relevant, to prevent "undue delay, wasting time, *or needlessly presenting cumulative evidence.*" Fed. R. Evid. 403 (Evidence supplied.); *Hamling v. United States*, 418 U.S. 87, 127 (1974) ("The District Court retains considerable latitude even with admittedly relevant evidence in rejecting that which is cumulative, and in requiring that which is to be brought to the jury's attention to be done so in a manner least likely to confuse that body.").

### A. The Court Should Preclude Cumulative Expert Witness Testimony.

Here, Defendants designated two expert witnesses to testify on the same issue. Defendants designated forensic pathologist Michael Graham, M.D., who states:

> "In summary, it is my opinion to a reasonable degree of medical certainty that MR. Yancy's death was due to schizophrenia-induced ED [excited delirium] and was not caused or contributed to by restraint-related asphyxia."

[Expert Report from Defendants' Expert Michael Graham, M.D. ("Graham Report"), at page 6 (bottom), attached to the Declaration of Dave Fox ("Fox Decl." as Exhibit 1.]

Defendants then designate emergency medicine physician Gary Vilke, M.D. to offer the same opinion:

> "Mr. Yancy was exhibiting signs and symptoms consistent with excited delirium syndrome (ExDS), which is the probable cause of his sudden cardiac arrest and death."

[Expert Report from Defendants' Expert Gary M. Vilke, M.D. ("Vilke Report"), Opinion No. 6, at page 7 and page 13; attached to the Declaration of Dave Fox ("Fox Decl." as Exhibit 2.]

As does Dr. Graham, Defense expert Dr. Vilke also opines that the Defendant officers' actions when restraining Mr. Yancy did not cause Mr. Yancy's death.

> "The restraining process did not cause the sudden cardiac arrest and death of Mr. Yancy."

[Exhibit 2, Vilke Report, Opinion No. 1, at page 6, and pages 8-9.]

This is not merely an overlap of opinions. While Defendants may attempt to argue that Dr. Vilke approaches the analysis from the "front end" – starting when Mr. Yancy was alive, and Dr. Graham approaches the issue from the "reverse" direction – from Mr. Yancy's death and working backwards, this does not matter. Defendants attempt to present two expert witnesses to offer the same opinion as to what did and did not cause Mr. Yancy's death. This is needlessly cumulative and will needlessly waste time at trial. Accordingly, Plaintiffs respectfully request that the cumulative testimony from Defense expert Gary Vilke, M.D. be excluded.

/////
/////
/////
/////

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiff's motion *in limine* to exclude the cumulative expert opinion testimony from defense expert Gary Vilke, M.D.

Dated:  September 11, 2017  **FOX LAW, APC**

s/ Dave A. Fox
_____
DAVE A. FOX
Attorneys for Plaintiffs Alexis Yancy
and Jayden Yancy