William E. Bender, Esq. (SBN: 167887)
Brandi Kurlander, Esq. (SBN: 203077)
**BENDER & GRITZ**
350 10th Avenue, Suite 900
San Diego, California 92101
TEL: (619) 515-0222
FAX: (619) 515-0221
E-mail: bbender@bendergritz.com

Dave Fox, Esq. (SBN: 254651)
**FOX LAW, APC**
225 W. Plaza St., Suite 102
Solana Beach, CA 92075
TEL: (858) 256-7616
FAX: (858) 256-7618
E-mail: Dave@foxlawapc.com

Attorney for Plaintiffs Alexis Yancy and Jayden Yancy

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS YANCY and JAYDEN YANCY, by and through their Guardian Ad Litem, CATHERINE HAWK, individually and on behalf of the Estate of Tommy Yancy, Junior, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; et al.<br><br>Defendants. | **Case No. 3:15-cv-0580-JM-PCL**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE OPINION AND TESTIMONY OF DEFENDANTS' EXPERT DR. DOMINICK ADDARIO**<br><br>**[MOTION *IN LIMINE* NO. 2 OF 6]**<br><br>Date:       November 16, 2017<br>Time:      10:00 a.m.<br>Judge:     Hon. Jeffrey T. Miller<br>Courtroom: 5D<br><br>Complaint Filed: September 20, 2016 |
| AND CONSOLIDATED CASE OF LAWANDA MOSES,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL, et al.<br><br>Defendants. | |

1

PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE OPINION AND TESTIMONY OF DEFENDANTS' EXPERT DR. DOMINICK ADDARIO

Defendants present psychiatrist Dr. Addario to provide two opinions: 1) that a "physical take down" was the only appropriate use of force for law enforcement to use, and 2) that law enforcement did not have enough information to appreciate whether Mr. Yancy had a prior mental health disorder or not.  Plaintiffs move to exclude the first as rank speculation lacking any foundation in psychiatry, and the second as irrelevant.  Defendants do not address the motion to exclude the second opinion.  As discussed, there is no basis to insert either opinion into this trial, and as a result Dr. Addario should be excluded.

In nearly every excessive force case such as this, Plaintiffs naturally argue that the level of physical force was excessive, and that lesser means should have been utilized.  This case is no different.

Plaintiffs contend the level of physical force officers chose to use on an unarmed handcuffed man, with a missing front license plate, including releasing a dog to bite, using a taser, and breaking a bone in his neck was unreasonable and inconsistent with police procedures.  Plaintiffs will argue standard police procedures would have called for less physical force than what was employed here. They will argue that instead of *escalating* the situation quickly with such severe force, they should have instead tried to use other methods to de-escalate a situation. In turn, Defendants will argue the use of force was reasonable with the circumstances they were presented with.

In cases like this, courts do not then allow the parties to launch into a battle of psychiatrists to argue what level of force absolutely would, or would not have worked to persuade an individual, especially an individual who has passed away and has never been examined.  Nor do courts permit parties to present police procedure experts to offer such an opinion on what *would* have worked. Plaintiffs will offer no such opinion; nor could they because it is speculation.

Here, Defendants are attempting to convince the Court that an evidentiary door has been opened.  They do so by 1) overstating Plaintiffs' police procedure

PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE OPINION AND TESTIMONY
OF DEFENDANTS' EXPERT DR. DOMINICK ADDARIO

expert Jeff Noble's testimony to be predicting what would or would not have happened, and 2) using that manufactured overstatement as an excuse to argue to the Court that the barn door is now open to bring in speculative testimony from Dr. Addario concerning what would have worked. On top of that, they attempt to shoehorn in Mr. Yancy's mental health history dating back years prior to this incident, and that nobody knew anything about. The Court should see this opposition for what it is  - a novel argument to satisfy Defendants' repeated theme and goal of trying to backdoor in to the jury prior irrelevant character evidence, in order to avoid the incident and ultimate use of force question.

There is no dispute that Dr. Addario has no background, training or experience in the appropriateness of police escalation or de-escalation techniques. [Dave Fox Reply Declaration ("Fox Reply Decl."), Ex. G, Addario Depo., at 81:13 – 82:24.]  With no background, training or experience in such police techniques, Dr. Addario is not qualified and has no basis to render an expert opinion as to whether using anything short of a "physical take down" would have been appropriate. For example, Dr. Addario has no basis for the opinion stated in his Report that "[s]uch an attempt [to talk down Mr. Yancy] would most likely have placed both Mr. Yancy and law enforcement in a higher level of danger than the attempt at a physical take down." (*See* Fox Reply Decl. Ex. H at 41, Addario Report.)  Will he then use his background in psychiatry to opine that breaking Mr. Yancy's hyoid bone was the best option for law enforcement?

Indeed, no person (not even one with expertise in use of force procedure and de-escalation techniques) can read a person's mind and predict what a person would have done if the proper de-escalation procedures were used rather than severe physical force. Not Dr. Addario; and not even Plaintiffs' police procedures expert Jeffrey Noble. So instead, Defendants mischaracterize and overstate the extent of Mr. Noble's opinions regarding de-escalation techniques to justify Dr. Addario's inadmissible opinion. Mr. Noble does not opine, and will not offer an opinion at

3

PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE OPINION AND TESTIMONY OF DEFENDANTS' EXPERT DR. DOMINICK ADDARIO

1  trial that de-escalation techniques *would* have been successful.  As a result, there is
2  nothing for Dr. Addario to "rebut" on this issue and his opinion that de-escalation
3  would not have worked should be excluded.
4    Despite Defendants' repeated attempts to reframe what this case is truly
5  about, the central issue is whether the Defendant CHP Officers used excessive force
6  during their encounter with decedent Tommy Yancy based on the circumstances
7  known to the officers at the scene.  As evident from the factual recitations in the
8  parties' briefs, the parties have a different view of the facts.  Defendants provide a
9  lengthy statement of their version of what happened, often conflicting with their
10  prior testimony and statements, and often conflicting with the observations of
11  eyewitness citizens who are not parties in this case.  These factual conflicts will be
12  resolved by a jury.  Ultimately, the jurors will have to decide whether the force used
13  by the officers in this case was excessive.  Nevertheless, Defendants repeatedly try
14  to deflect the core issue and, instead, focus as much attention as they can on Mr.
15  Yancy's prior conduct and character.  Dr. Addario's opinion regarding law
16  enforcement de-escalation techniques he knows nothing about is just one example.
17  It is simply an attempt to poison Mr. Yancy before the jury with inadmissible
18  character testimony through the guise of expert opinion.

### I. **DEFENDANTS OVERSTATE THE SCOPE OF JEFFREY NOBLE'S OPINIONS REGARDING DE-ESCALATION TECHNIQUES**

21    Defendants' opposition is based on the notion that Dr. Addario's opinion is
22  necessary to rebut police procedures expert Jeffrey Noble's opinion that police de-
23  escalation techniques would have succeeded in "talking Mr. Yancy down."  Mr.
24  Noble does not go as far in his opinions as Defendants state.  Mr. Noble testified
25  that de-escalation techniques are important police procedures that should be
26  employed in an effort to try to calm others down during an encounter and diffuse
27  potentially volatile situations.  [Fox Reply Decl., Exhibit D, Noble Decl., at 44:10 –
28  46:2.]  Defendants' Person Most Qualified, Ben Fillman, and Defendants' police

PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE OPINION AND TESTIMONY
OF DEFENDANTS' EXPERT DR. DOMINICK ADDARIO

procedures expert Robert Fonzi agree that de-escalation techniques are taught to officers and are important techniques to use when interacting with citizens. [*See* Fox Reply Decl., Exhibit E, Fillman Depo., at 39:9 – 40:19; Fox Reply Decl. Exhibit F, Fonzi Depo., at 40:4 – 43:24.]

As even those excerpts selected by Defendants show, Mr. Noble describes how de-escalation techniques are important for law enforcement, and that police procedures would call for them to be used before immediately launching into the confrontational conduct used by the officers in this case. That opinion is helpful to the trier of fact in determining whether the officers' use of force in this case was excessive. But Mr. Noble does ***not*** opine that de-escalation techniques would have ultimately worked in this case.[1] And, more importantly, he will not render any such opinion at trial. Therefore, there is nothing for Dr. Addario to "rebut" when it comes to Mr. Noble's opinions.

Further, none of the cases cited by Defendants are on point and change this analysis. For example, in the district court case from Pennsylvania, *Estate of Thomas v. Fayette County*, 194 F. Supp. 3d 358, 365 (W.D. Penn. 2016), the issue concerned whether the prison medical personnel should have placed the inmate on suicide watch. Unlike Yancy, where Dr. Addario is not qualified to render an opinion regarding police procedures, there was no dispute in *Estate of Thomas* that the experts were qualified to render an opinion on suicide prevention policies in the prison. *Id.* Also different than Yancy, there was no expert opinion similar to Dr. Addario in *Estate of Thomas* regarding whether any such procedures would have worked.

In *Luciano v. East Cent. Bd of Co-op Educational Services,* 885 F. Supp. 2d 1063, 1070-71 (D. Colo. 2012), one of the issues concerned the ability of an expert

---

[1] For example, Mr. Noble mentions Officer Caldera immediately launched into a force response without attempting any de-escalation techniques. While this *may* have avoided the need for deadly force, Mr. Noble does not go so far as to render that opinion. [*See* Exhibit B to attorney Wolfe's declaration at, ¶ 54.]

5

PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE OPINION AND TESTIMONY OF DEFENDANTS' EXPERT DR. DOMINICK ADDARIO

witness neurologist to render an opinion as to a minor's diagnosis based on a review of the medical records. Here, Dr. Addario is not merely offering an opinion that Mr. Yancy has a particular diagnosis based on his review of medical records. Dr. Addario goes much further by trying to offer a prediction as to what *would or would not have worked* in response to certain police procedures. That goes too far, constitutes speculation, and should be excluded. In fact, that is precisely what the court did in *Luciano* when the expert neurologist went further than simply opining on the diagnosis, and tried to offer an opinion on what the school board *would have done* had the child been properly diagnosed. *Id.* at 1072 (Expert's opinion as to what the school might have done if the child was properly diagnosed "amounts to speculation" and is not admissible.)

In sum, here Dr. Addario would simply offer an opinion based on pure speculation that police techniques for which he has no expertise would not have worked had they been tried. As even the *Luciano* case relied on by Defendants held, that opinion is inadmissible.

To allow Dr. Addario to offer an opinion that a police technique for which he has no expertise would not have worked would mean ***any*** psychiatrist could testify in ***any*** excessive force case that it does not matter what the officers could have or should have done under the circumstances, it would not have mattered. In essence, in any excessive force case, if Plaintiffs merely raise the idea that physical force was employed too quickly (as they do here) Defendants would hire an expert psychiatrist to predict what techniques would work and then ask that the entire psychological history be admitted. That is not the case and this novel attempt to backdoor character evidence should be excluded.

/////

/////

/////

/////

6

PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE OPINION AND TESTIMONY OF DEFENDANTS' EXPERT DR. DOMINICK ADDARIO

## II. DEFENDANTS DO NOT OPPOSE PLAINTIFFS' MOTION TO EXCLUDE DR. ADDARIO'S SECOND OPINION REGARDING WHETHER THE OFFICERS WOULD HAVE BEEN ABLE TO DETERMINE THAT MR. YANCY HAD A MENTAL HEALTH CONDITION

Here, Plaintiffs' position is that Defendants' use of force was excessive no matter who they were dealing with, and no matter what their background was. Plaintiffs are not arguing that law enforcement should have recognized Mr. Yancy may have had PTSD, and therefore altered their use of force on that basis.

Yet, Dr. Addario apparently offers an opinion to counter one that Plaintiffs are not making. In his second opinion, Dr. Addario states that there was no reason for law enforcement to recognize that Mr. Yancy had PTSD or a mental health issue. (See Fox Reply Decl., Ex. H, Addario Report, at 40 "[T]here was no information about Mr. Yancy's background such as family calling for mental health assistance and a 5150 that would have allowed the police to appreciate that Mr. Yancy had a prior mental health condition. Mr. Yancy's aggressive behavior would not in and of itself have allowed the police officers to determine that it might be contributed to by a chronic mental condition.") Again, Plaintiffs are not asserting law enforcement should have altered their behavior based on a perceived mental health issue so there is no justification for Dr. Addario to address it.

Defendants' brief does not even address Plaintiffs' request to exclude this second opinion. As set forth in Plaintiffs' motion, this opinion is irrelevant because Plaintiffs are not providing any opinion in this case that the CHP officers should have acted differently because of a prior mental health condition. Plaintiffs are arguing that any mental history is simply not relevant to whether the officers acted reasonably with the circumstances presented to them at the time. Plaintiffs' motion to exclude both of Dr. Addario's opinions should be granted.

### III. CONCLUSION

Dr. Addario presents two opinions. First, that nothing short of a "take down" would have worked, and second, that law enforcement had no reason to believe Mr.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE OPINION AND TESTIMONY OF DEFENDANTS' EXPERT DR. DOMINICK ADDARIO

Yancy may have had a prior mental health issue. The first is rank speculation lacking any foundation, and Defendants' did not oppose Plaintiffs' motion to exclude the second. As a result, based on the foregoing reasons and the arguments and evidence submitted in support of Plaintiffs' motion, Plaintiffs respectfully request that Court exclude the expert opinion and testimony of Dr. Dominick Addario.[2]

                      Respectfully submitted,

Dated: October 3, 2017         **FOX LAW, APC**

                      s/ Dave A. Fox
                      DAVE FOX
                      Attorneys for Plaintiffs Alexis Yancy and Jayden Yancy

---

[2] Plaintiffs provided a report from Dr. Michael Takamura as a rebuttal opinion in the event the Court permitted Dr. Addario to provide his opinions. He provides an opinion that there is no basis in psychiatry for Dr. Addario's predictions and use of force theories. In the event the Court, excludes Dr. Addario, Plaintiffs will naturally drop Dr. Takamura as a rebuttal expert witness.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE OPINION AND TESTIMONY OF DEFENDANTS' EXPERT DR. DOMINICK ADDARIO