William E. Bender, Esq. (SBN: 167887)
Brandi Kurlander, Esq. (SBN: 203077)
**BENDER & GRITZ**
350 10th Avenue, Suite 900
San Diego, California 92101
TEL: (619) 515-0222
FAX: (619) 515-0221
E-mail: bbender@bendergritz.com

Dave A. Fox, Esq. (SBN: 254651)
**FOX LAW, APC**
225 W. Plaza St., Suite 102
Solana Beach, CA 92075
TEL: (858) 256-7616
FAX: (858) 256-7618
E-mail: Dave@foxlawapc.com

Attorney for Plaintiffs Alexis Yancy and Jayden Yancy

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXIS YANCY and JAYDEN YANCY, by and through their Guardian Ad Litem, KATHERINE HAWK, individually and on behalf of the Estate of Tommy Yancy, Junior, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA et al.,<br><br>Defendants. | Case No. 3:15-cv-0580-JM-PCL<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' CUMULATIVE EXPERT WITNESS TESTIMONY FROM GARY VILKE, M.D.**<br><br>**[MOTION *IN LIMINE* NO. 4 of 6]**<br><br>Judge:  Hon. Jeffrey T. Miller<br>Ctrm.:  5D (Schwartz Courthouse)<br>Date:   November 16, 2017<br>Time:   10:00 a.m. |

0

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MIL TO EXCLUDE DEFENDANTS' CUMULATIVE EXPERT WITNESS TESTIMONY FROM GARY VILKE, M.D.

## I.  INTRODUCTION

Defendants attempt to offer expert witness testimony from their emergency room physician, Dr. Gary Vilke, that is needlessly cumulative of Defendants' forensic pathologist expert, Michael Graham, M.D., relating to Mr. Yancy's cause of death. Both experts opine that Mr. Yancy's death was caused by "excited delirium syndrome" and not due to any restraining process.

Defendants try to salvage the cumulative testimony of Dr. Vilke by focusing on the difference in the two expert's education, qualifications, and materials reviewed in reaching their conclusions. This is not enough – and notably Defendants provide no authority to justify admission of these identical expert opinions on the cause of death. Any probative value that could be found in Dr. Vilke's repetitive testimony is outweighed by the prejudice of needlessly cumulative evidence at trial, and should be excluded.

Moreover, Defendants' stretch to compare their cumulative experts with the testimony of Plaintiffs' experts Dr. Spitz and Dr. Boehme fails. Plaintiffs designated Dr. Boehme as a biomechanics expert. Dr. Boehme provides a detailed analysis of Officer Acevedo's positioning on Mr. Yancy's body and the amount of force he exerted upon Mr. Yancy's neck through his knee, evidencing significant trauma to his neck that contributed to Mr. Yancy's death. This testimony is markedly different from that of Dr. Spitz, a forensic pathologist, who carefully analyzed the autopsy report, among other records, and concluded that Mr. Yancy suffered significant trauma to his upper neck as evidenced by the broken hyoid bone and fresh hemorrhaging in the surrounding area.

## II.  ARGUMENT

### A.  Defendants Fail to Rebut a Finding that Dr. Vilke's Testimony is Needlessly Cumulative of Dr. Graham

As set forth in Plaintiffs' Motion, Defendants seek to introduce cumulative expert testimony regarding the cause of Tommy Yancy, Jr.'s death from

1

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MIL TO EXCLUDE DEFENDANTS' CUMULATIVE EXPERT WITNESS TESTIMONY FROM GARY VILKE, M.D.

both their designated forensic pathologist, Dr. Michael Graham, and Defendants' emergency room physician, Dr. Gary Vilke.  (*See* Motion 3-4.)  Both these experts will provide an opinion that Mr. Yancy's death was caused by "excited delirium syndrome" and not due to any restraining process.  (*See id.*)

Defendants' Opposition attempts to obscure the cumulative nature of these opinions by focusing on different qualifications and backgrounds of the experts and apparent distinctions in the method of reaching their identical conclusions as to Mr. Yancy's cause of death.  (Opp. at 3-4.)  But these facts do not render both experts' opinions admissible, and Defendants cite no authority that apparent differences in background and materials reviewed sufficiently adds enough probative value to justify the cumulative testimony regarding a cause of death.  Simply because the "experts looked at different evidence and relied on different authorities" (*see* Opp. at 5) to reach their conclusion that "excited delirium syndrome" rather than restraint caused Mr. Yancy's death, does not rebut a finding that the proffered testimony is needlessly cumulative.  This is akin to a party retaining an orthopedic expert and retaining a neurosurgeon to offer the same opinion that a car accident caused a bulging disc in an individual's neck.  Courts do not permit such duplicative expert testimony, nor this Court here.

In addition, Defendants' attempt to analogize the cumulative testimony of their experts with that of Plaintiffs' experts, Dr. Spitz and Dr. Boehme, is tenuous.  (*See* Opp. at 2.)  First, Plaintiffs designated Dr. Boehme for his expertise in biomechanics, not as an emergency room physician.  In addition, Dr. Boehme's report and proffered testimony details an account of Officer Acevedo's positioning on Mr. Yancy's neck and concludes that approximately 69% of the officer's weight was transferred to Mr. Yancy's neck through Officer Acevedo's knee.  (Fox Decl., Ex. A, Boehme Report, Opinion B.)  On the other hand, testimony from Plaintiffs' forensic pathology expert, Dr. Spitz, concluded based in large part on the autopsy report that Mr. Yancy suffered significant trauma to his neck evidenced by the

2

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MIL TO EXCLUDE DEFENDANTS' CUMULATIVE EXPERT WITNESS TESTIMONY FROM GARY VILKE, M.D.

broken hyoid bone and fresh hemorrhaging around the fracture site.  (Fox Decl., Ex. B, Spitz Report at 3.)  It is clear that Dr. Boehme's biomechanics opinion corroborates and supports, rather than duplicates, Dr. Spitz's findings of neck trauma as the cause of death.  The same cannot be said of Dr. Vilke's testimony regarding Mr. Yancy's cause of death as it relates to the same testimony of Dr. Graham.  Dr. Vilke's testimony is needlessly cumulative and should be excluded.  *See* Fed. R. Evid. 403; (Motion at 3-4.)

### III. CONCLUSION

For the foregoing reasons, and for those reasons set forth in Plaintiffs' memorandum of points and authorities in support of the Motion, Plaintiffs respectfully request that the Court grant Plaintiff's motion *in limine* to exclude the needlessly cumulative expert opinion testimony of defense expert Gary Vilke, M.D.

Dated:  October 3, 2017                     **FOX LAW, APC**

s/ Dave A. Fox
DAVE A. FOX
Attorneys for Plaintiffs Alexis Yancy and Jayden Yancy

3

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MIL TO EXCLUDE DEFENDANTS' CUMULATIVE EXPERT WITNESS TESTIMONY FROM GARY VILKE, M.D.