1  XAVIER BECERRA
   Attorney General of California
2  RICHARD F. WOLFE
   Supervising Deputy Attorney General
3  TERRY R. PRICE
   Deputy Attorney General
4  EDWARD P. WOLFE
   Deputy Attorney General
5  State Bar No. 247835
    600 West Broadway, Suite 1800
6   San Diego, CA 92101
    P.O. Box 85266
7   San Diego, CA 92186-5266
    Telephone: (619) 738-9081
8   Fax: (619) 645-2581
    E-mail: Edward.Wolfe@doj.ca.gov
9  *Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEXIS YANCY AND JAYDEN YANCY, BY AND THROUGH THEIR GUARDIAN AD LITEM, KATHERINE HAWK, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF TOMMY YANCY, JR., DECEASED,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; CITY OF IMPERIAL; CITY OF IMPERIAL POLICE DEPARTMENT; COUNTY OF IMPERIAL; COUNTY SHERIFF'S OFFICE; AND DOES 1 THROUGH 2, INCLUSIVE,**<br><br>Defendants. | 15-cv-0580 JM (PCL)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF A 2012 CITIZEN'S COMPLAINT IN AN UNRELATED INCIDENT**<br><br>Date: November 16, 2017<br>Time: 10:00 A.M.<br>Courtroom: 5D (Schwartz)<br>Judge: Hon. Jeffrey T. Miller<br>Trial Date: January 16, 2018<br>Action Filed: March 13, 2015 |

## INTRODUCTION

Evidence of a 2012 citizen's complaint involving Defendant Officers Caldera and Cardenas is inadmissible character evidence that is irrelevant and prejudicial, and should therefore be excluded. The complaint involved an unrelated and dissimilar incident, and an investigation into the matter concluded that the allegations were unsubstantiated. The officers were therefore exonerated of any wrongdoing. Plaintiffs argue that the evidence is relevant on two separate theories. Neither theory justifies admission of the evidence.

First, Plaintiffs claim that the citizen's complaint is relevant to the officers' motive or intent in this case. However, Plaintiffs fail to explain how the evidence is relevant for any such purpose, and they fail to explain how the officers' subjective state of mind is relevant to any element of any cause of action.

Second, Plaintiffs claim that the evidence is relevant to their claims against the officers' supervisors because it put them on notice of the officers' conduct in this case. But the Defendant supervisors did not investigate the 2012 citizen's complaint, and Plaintiffs point to no authority that they had any obligation to conduct their own investigations parallel to the official investigation, or that they were not entitled to rely on the conclusion of the official investigation exonerating the officers.

Plaintiffs' description of the purpose for which they intend to use the evidence (to suggest that the officers' conduct during the Yancy incident was consistent with the allegations in the prior complaint) and the manner in which they intend to present the evidence (through the testimony of the complainant himself rather than the documentary evidence that would have been available to the Sergeants) show that they want to use the complaint as character evidence. Their suggested purposes to the contrary are unsupported pretexts. There is no probative value to the evidence that would justify the time at trial that would be necessary to present and rebut evidence into the truth of the allegations in the complaint, and devoting such time

would run the risk of prejudicing and confusing the jury. Defendants therefore respectfully request that the Court grant their motion in limine and exclude all evidence of the 2012 citizen's complaint at trial.

# ARGUMENT

## I. PLAINTIFFS FAIL TO SHOW HOW THE 2012 CITIZEN'S COMPLAINT WOULD ESTABLISH MOTIVE, INTENT, OR KNOWLEDGE THAT IS RELEVANT AND ADMISSIBLE IN THIS CASE

Plaintiffs' assertion that the citizen's complaint is relevant and admissible to prove the Defendant officers' motive, intent, or knowledge fails. Plaintiffs have not explained how the Defendants' state of mind is relevant to their claims. Their claims in this case depend on the objective reasonableness of the officers' actions; the officers' motive or intent is not an element to any cause of action. Moreover, even if any officer's state of mind were relevant, Plaintiffs have failed to explain how the citizen's complaint would be used for such a purpose rather than as character evidence. Indeed, when Plaintiffs attempt to explain in their opposition how they would attempt to use the citizen's complaint at trial, they describe inadmissible character evidence.

Rules 403 and 404 require a party attempting to introduce evidence of other acts for a purpose other than as character evidence, upon objection by the opposing party, to identify the "specific purpose for which the evidence is offered." *United States v. Curtin*, 489 F.3d 935, 957–58 (9th Cir. 2007) (quoting *United States v. Merriweather*, 78 F.3d 1070, 1076–77 (6th Cir. 1996)). The trial court must then determine whether that purpose is "in issue" in the case. *Id.*

In this case, Plaintiffs only vaguely state that the 2012 citizen's complaint is admissible to show Defendants' "motive, intent, and lack of mistake or accident." (Opp'n, 4:12–12.) They do not specifically identify which of those purposes they claim the citizen's complaint is offered for. But none of those potential purposes can be material in this case because an officer's state of mind is not an issue in Section 1983 excessive force cases. Where the claim is that an officer used

excessive force in violation of the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Similarly, Plaintiffs' remaining state law claims do not contain any element of proof for which the officers' state of mind is relevant.

The only case the Plaintiffs cite to suggest the officers' state of might be material does not support their position. In *Taylor v. Lemus*, 2015 WL 12698306, at * 8 (C.D. Cal. 2015), the court did not consider or rule on a motion involving evidence of the officers' motive or knowledge. Rather, it granted a plaintiff's motion to exclude evidence of his criminal history in a Section 1983 case, and explained that the case the defendant officers relied on, *Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004), involved evidence of the *defendant's* state of mind. *Id.* Further, *Awabdy* is a malicious prosecution case, in which malicious intent by the defendant is an element of the claim, and therefore the officer's state of mind is directly relevant. 368 F.3d at 1066.

Plaintiffs' attempt to describe the relevance of the citizens' complaint shows that they intend to use it only as improper character evidence: they state that the events giving rise to the complaint show that the Yancy incident "is consistent with [the officers'] past practice and behavior…." (Opp'n, 5:6–7.) This is the use of character evidence that is expressly prohibited by Rule 403(b)(1): "Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Plaintiffs have failed to show a specific proper use for the citizen's complaint, and therefore Defendants' motion in limine must be granted.

## II. PLAINTIFFS FAIL TO SHOW HOW THE 2012 CITIZEN'S COMPLAINT WOULD BE RELEVANT TO THEIR SUPERVISORY CLAIMS

Plaintiffs fail to support their conclusory assertion that the citizens' complaint is relevant to their supervisory claims on the theory that it "put Sergeants Graham and Boerner on notice that their subordinates" lacked proper training and skills, were unprepared to handle a suspect such as Mr. Yancy, and were likely to use excessive force. (Opp'n, 7:7–12.) As Plaintiffs point out, Sergeants Graham and Boerner did not conduct the investigation into the citizens' complaint and did not discuss the matter with Officers Cardenas and Caldera. (Opp'n, 8:13–9:19.) Plaintiffs do not point to any authority that Sergeants Graham and Boerner had any obligation to perform their own separate investigations into the matter duplicative of the official CHP investigation, nor do Plaintiffs provide any authority that the sergeants were not entitled to rely on the conclusions of the officers who did conduct the investigation exonerating the officers. Plaintiffs' suggestion that the Sergeants knew or should have known that the officers' conduct in the incident was improper based on the mere fact that a citizen's complaint was filed is speculative and unsupported by any authority or evidence.

Additionally, Plaintiffs' description of how they intend to present evidence of the events shows that their intent is not to show what Sergeants Graham and Boerner "knew or should have known" about the incident. Plaintiffs state that they intend to have the complainant testify to his version of the facts, rather than simply presenting evidence of the complaint and CHP's investigation into it. (Opp'n, p. 10:8.) The information Sergeants Graham and Boerner could have had about the incident would have been limited to the documented contents of CHP's file on the matter, so the complainant's independent testimony cannot be relevant to prove the Sergeants' knowledge.

Evidence of the citizen's complaint is not relevant to Plaintiffs' supervisory claims, and Plaintiffs' description of the evidence they intend to present shows that

5

1 | their true purpose is unrelated to the supervisory claims. Defendants' motion to
2 | exclude the complaint should be granted.

### III. PLAINTIFFS FAIL TO ESTABLISH THAT THE PROBATIVE VALUE OF THE 2012 CITIZEN'S COMPLAINT OUTWEIGHS THE RISK OF SEVERE PREJUDICE OF ITS INTRODUCTION

Plaintiffs have failed to explain how the citizen's complaint has any probative value to any material issue in this case. Their own descriptions of how they intend to use the evidence—to suggest that the officers' actions with respect to Yancy conformed to the allegations in the citizen's complaint—belie their claims that they intend to use the evidence to show the officers' state of mind or the information that their supervisors knew or should have known. Evidence of an unsubstantiated citizen's complaint for which the officers were exonerated after an investigation is unduly prejudicial because it is character evidence, and there is no justification for introducing it at the expense of trial time that would need to be devoted to proving and disproving the allegations in the complaint.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion in limine and exclude evidence relating to the citizen's complaint identified in their moving papers.

Dated: October 3, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
TERRY R. PRICE
Deputy Attorney General

*/s/ Edward P. Wolfe*
EDWARD P. WOLFE
Deputy Attorney General
*Attorneys for State Defendants*

SD2015700805